Argued and submitted February 28, affirmed May 15, petition for review denied July 29, 2003 (335 Or 578)

# STATE OF OREGON,
## *Respondent,*

*v.*

# JODY FRITZ JENNICHES,
## *Appellant.*

## 00C47372; A114625

69 P3d 771

Rebecca Duncan, Deputy Public Defender, argued the cause for appellant. With her on the brief was David E. Groom, Acting Executive Director, Office of Public Defense Services.

Jennifer S. Lloyd, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Landau, Presiding Judge, and Armstrong and Brewer, Judges.

BREWER, J.

## BREWER, J.

Defendant pleaded no contest to 10 counts of first-degree theft by receiving. ORS 164.055. The trial court sentenced defendant under ORS 137.717(1)(c) (1997), which, because he was a repeat property offender, provided for a mandatory minimum sentence of 13 months' imprisonment on each count. Based on aggravating factors, the court imposed durational departure sentences of 26 months on three of the counts. On appeal, defendant asserts that the court erred in using the mandatory minimum sentence specified in ORS 137.717(1)(c) as the presumptive sentence for purposes of calculating his durational departure sentences. Defendant concedes that he failed to preserve the error, but he argues that we should exercise our discretion to review it as error apparent on the face of the record. *See* ORAP 5.45(4)(b); *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382, 823 P2d 956 (1991). The state concedes that the sentencing court erred and, as explained below, we accept that concession. We nevertheless conclude that defendant is not entitled to relief because he was not prejudiced by the error. We therefore affirm.

On September 6, 1999, Oregon State Police officers arrested defendant and obtained a warrant to search his residence, where they discovered what appeared to be stolen property. On December 21, 1999, while defendant was on pretrial release, police obtained another warrant to search his residence and again found a number of items that they suspected were stolen. The items had been reported stolen on dates ranging from May 3, 1998 to December 21, 1999. Defendant claimed that he had purchased the items at auctions, garage sales, and discount outlets. In a single indictment, he was charged with 25 counts of first-degree theft by receiving. As part of a plea agreement, defendant entered a plea of no contest to 10 of the counts in exchange for the dismissal of the remaining counts. The trial court accepted the plea agreement and sentenced defendant under ORS 137.717 (1997),[1] which provided, in part:

---

[1] The 1999 legislature amended ORS 137.717(1)(c) to provide that "the presumptive sentence is 13 months of incarceration, unless the rules of the Oregon Criminal Justice Commission prescribe a longer presumptive sentence * * *[.]" Or

"(1)   When a court sentences a person convicted of:

"* * * * *

"(c)   Theft in the first degree under ORS 164.055, * * * the court shall sentence the person to a term of at least 13 months of incarceration if the person has:

"(A)   A previous conviction for unauthorized use of a vehicle under ORS 164.135, burglary in the first degree under ORS 164.225, robbery in the second degree under ORS 164.405, robbery in the first degree under ORS 164.415, possession of a stolen vehicle under ORS 819.300 or trafficking in stolen vehicles under ORS 819.310; or

"* * * * *

"(3)   The court may impose a sentence other than the sentence provided by subsection (1) of this section if the court imposes:

"(a)   A longer term of incarceration that is otherwise required or authorized by law; or

"(b)   A departure sentence authorized by the rules of the Oregon Criminal Justice Commission based upon findings of substantial and compelling reasons."

The court sentenced defendant to 13-month prison terms each on counts 2, 3, 5, 9, 12, 23, and 24. The court declined to impose durational departure sentences on those counts, because the property to which they applied had been stolen before the September 6 search warrant had been executed. However, because counts 11, 14, and 18 pertained to property that was stolen after defendant was arrested in September, the court concluded that "[h]e was on notice of his behavior and yet he continued to behave in [that] way." It sentenced defendant to 26 months' imprisonment on each of those three counts, using the 13-month term provided in ORS 137.717(1)(c) as the presumptive term in order to calculate the durational departures.[2] Because the court also found that

Laws 1999, ch 1022, § 4. However, the amendment did not become effective until January 1, 2000, after defendant committed the crimes at issue here. Accordingly, throughout this opinion, we refer to the 1997 version.

[2] Upon finding substantial and compelling reasons, a sentencing court may impose a durational departure sentence up to "double the maximum duration of the presumptive prison term." OAR 213-008-0003(2).

defendant had been persistently involved in similar offenses and that the offenses at issue involved multiple victims and incidents, it imposed consecutive sentences on counts 2, 5, 11, 14, 18, and 24, for a total of 117 months' imprisonment.

On appeal, defendant argues that the sentencing court erred in using the 13-month minimum term provided for in ORS 137.717(1)(c) when it calculated the 26-month departure sentences on counts 11, 14, and 18. Defendant concedes that he raises the issue for the first time on appeal. However, he urges us to review the asserted error as one "apparent on the face of the record." ORAP 5.45(4)(b). The state acknowledges that the sentencing court erred, but it contends that the error was harmless because the court could lawfully have imposed the same total sentence by different means.

We have discretion to consider unpreserved errors of law that are "apparent on the face of the record." *State v. Brown*, 310 Or 347, 355, 800 P2d 259 (1990). An "apparent" error is one that is obvious and not reasonably in dispute; it appears "on the face of the record" if we "need not go outside the record or choose between competing inferences to find it, and the facts that comprise the error are irrefutable." *Id.* If we exercise our discretion to review such an error, we must articulate our reasons for doing so. *Ailes*, 312 Or at 382.

> "[I]n deciding whether to exercise its discretion to consider an error of law apparent on the face of the record, among the factors that a court may consider are: the competing interests of the parties; the nature of the case; the gravity of the error; the ends of justice in a particular case; how the error came to the court's attention; and whether the policies behind the general rule requiring preservation of error have been served in the case in another way, *i.e.*, whether the trial court was, in some manner, presented with both sides of the issue and given an opportunity to correct any error. Those factors do not comprise a necessary or complete checklist; they merely are some of the permissible considerations."

*Id.* at 382 n 6 (citations omitted).

As noted, the state concedes error. The concession is well-taken. A sentencing court may apply either ORS

137.717 (1997) or the sentencing guidelines, but not both, to a single conviction. *State v. Bagley*, 158 Or App 589, 595, 976 P2d 75 (1999). In applying both to the challenged convictions, the trial court erred. Accordingly, we consider the relevant circumstances present here, including the permissible considerations discussed in *Ailes*. The state's concession of error bears on several considerations that are relevant to our decision whether to review the error. In *State v. Jones*, 129 Or App 413, 416, 879 P2d 881 (1994), we held that

> "there are no 'competing interests of the parties' when one of the parties concedes an error. The state's concession also satisfies the policies behind the general rule of preservation and raising of error in that the adversary is not denied the opportunity to present its position to the court."

Moreover, because the state has articulated and developed an alternative theory for affirming defendant's sentences, addressing the error would neither surprise nor otherwise be unfair to the state. *Alexander v. Johnson*, 164 Or App 235, 238, 990 P2d 929 (1999). Finally, the error could be corrected on remand with a minimum expenditure of judicial time and resources; "[t]hus, it does not undercut or offend notions of judicial efficiency." *Id.*

■        Nevertheless, we decline to exercise our discretion to review the error, because we conclude that the "gravity of the error" was insignificant, as the court would have imposed the same sentence in any event. *Ailes*, 312 Or at 382 n 6. With respect to a sentencing error, a defendant is not prejudiced if it is clear that, on remand, the trial court lawfully could, and would, impose the same total term of imprisonment. *State v. Yarbor*, 133 Or App 360, 365, 891 P2d 713, *rev den*, 321 Or 512 (1995); *State v. Williams*, 133 Or App 191, 891 P2d 3, *rev den*, 321 Or 512 (1995). Under ORS 138.222(5), if we remand for resentencing, we must remand the entire case, and "[t]he sentencing court may impose a new sentence for *any* conviction in the remanded case." (Emphasis added.) Thus, on remand the court could impose a new sentence for any or all of the 10 counts for which defendant was convicted. It also could order the concurrent sentences to run consecutively. *State v. Froembling*, 237 Or 616, 619, 391 P2d 390, *cert den*, 379 US 937 (1964). The court's sentencing authority on

remand would be limited only in that the total incarcerative term could not exceed the original term, 117 months. *State v. Stockman*, 43 Or App 235, 242, 603 P2d 363 (1979).

As noted, under ORS 137.717 (1997), a sentencing court may impose either the statutory minimum set out in that statute or a departure sentence, whichever is longer; it may not impose both. *Bagley*, 158 Or App at 595. Under ORS 137.717(1)(c), defendant's mandatory minimum sentence would be 13 months' imprisonment for each offense. Because each conviction arose from an offense that was not part of a continuous and uninterrupted course of conduct, if the trial court had proceeded under that statute, it initially could have imposed each sentence consecutively, for a total prison term of 130 months. ORS 137.123(2).

Because ORS 137.717(1)(c) authorizes a total prison term that is greater than the total term originally imposed, it follows that, on remand, the court could again impose a total term of up to 117 months' imprisonment. *Stockman*, 43 Or App at 242.

Moreover, here, it is certain that, on remand, the sentencing court *would* impose the same total term of imprisonment that it originally imposed. After filing his notice of appeal, defendant filed a motion in the sentencing court to modify the judgment. *See* ORS 138.083(1) ("The sentencing court shall retain authority irrespective of any notice of appeal * * * to delete or modify any erroneous term in the judgment."). Although the state conceded error, the court denied the motion, stating that "the appropriate remedy is a resentencing *to effectuate the court's intention.*"[3] (Emphasis added.) Based on that declaration, we conclude that, on remand, the court would impose the same total term of imprisonment.

---

[3] The order denying the motion to modify the judgment is properly before us. ORAP 8.28(2)(c) provides that, when a trial court denies such a motion, the party who filed it must file a copy of the order with this court. Although neither party has moved to supplement the record on appeal to reflect the disposition of defendant's motion to modify the judgment, *cf. State v. Layton*, 163 Or App 37, 40, 986 P2d 1221 (1999), *rev den*, 330 Or 252 (2000) (granting the defendant's motion to supplement the appellate record to reflect the disposition of motion made under ORS 138.083), we do so on our own motion. ORS 19.365(4); ORAP 3.05(3).

Because defendant was not prejudiced by the sentencing errors, the gravity of the errors is insufficient to support an exercise of our discretion to correct them.

Affirmed.