Argued and submitted February 8, affirmed June 18, petition for review
denied October 3, 2008 (345 Or 318)

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## JOSE ANTONIO QUINTERO-MARTINEZ,
aka Jose Antonio Quinteromartinez,
*Defendant-Appellant.*

Multnomah County Circuit Court
051136760; A132225

188 P3d 350

George W. Kelly argued the cause and filed the brief for appellant.

Susan G. Howe, Senior Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Landau, Presiding Judge, and Schuman, Judge, and Ortega, Judge.

LANDAU, P. J.

## LANDAU, P. J.

Defendant was convicted of burglary in the first degree and kidnapping in the first degree. ORS 164.225; ORS 163.235. On the first-degree burglary conviction, the trial court sentenced him to 60 months in prison and 36 months' post-prison supervision under ORS 161.610, which provides for an enhanced sentence when a defendant uses or threatens to use a firearm during the commission of an offense. On his conviction for first-degree kidnapping, the trial court sentenced defendant to 90 months' imprisonment and 36 months' post-prison supervision as required under ORS 137.700 (Measure 11). The judgment stated that that sentence also was subject to a 60-month firearm minimum under ORS 161.610. Finally, the trial court ordered that 30 months of defendant's 60-month burglary sentence be served consecutively to his 90-month kidnapping sentence and that the remaining 30 months be served concurrently to that sentence, for a total aggregate incarceration term of 120 months.

On appeal, defendant first argues that, consistently with the Sixth Amendment to the United States Constitution, as applied in *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004), the combined total of the incarceration and post-prison supervision terms imposed on his kidnapping conviction cannot exceed the 90-month incarceration term established for that crime in ORS 137.700. He also argues that the trial court erred in applying ORS 161.610 to both of his convictions. He concedes that he did not raise either of those issues below but urges us to consider them as plain error. *See* ORAP 5.45(1).

We reject defendant's first assignment of error without discussion. On his second assignment, we affirm for the reasons set out below.

The state concedes that the trial court erred in applying ORS 161.610 to both of defendant's convictions. *See State v. Hardesty*, 298 Or 616, 695 P2d 569 (1985). Nevertheless, relying on *State v. Jenniches*, 187 Or App 658, 69 P3d 771, *rev den*, 335 Or 578 (2003), the state argues that the error does not require resentencing because, on remand, the trial court "could and likely would" simply remove the

60-month firearm minimum from defendant's 90-month sentence for kidnapping.

We agree with, and accept, the state's concession that the trial court plainly erred in imposing firearm minimums on both of defendant's sentences. We therefore must determine whether to exercise our discretion to reach that error. That determination involves the assessment of a variety of factors, including the following:

> "the competing interests of the parties; the nature of the case; the gravity of the error; the ends of justice in the particular case; how the error came to the court's attention; and whether the policies behind the general rule requiring preservation of error have been served in the case in another way, *i.e.*, whether the trial court was, in some manner, presented with both sides of the issue and given an opportunity to correct any error."

*Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382 n 6, 823 P2d 956 (1991). We exercise our discretion sparingly, bearing in mind that, consistently with *State v. Fults*, 343 Or 515, 173 P3d 822 (2007), and *State v. Ramirez*, 343 Or 505, 173 P3d 817 (2007), any correction of unpreserved error must be fully and carefully justified.

Two cases presenting similar sentencing errors provide guidance. In *Jenniches*, the state conceded that the trial court had erred in establishing the length of some of the defendant's multiple consecutive sentences. 187 Or App at 662. We nevertheless declined to exercise our discretion to review those unpreserved errors. We noted that, during the pendency of the appeal, the defendant had filed a motion in the trial court seeking modification of the judgment under ORS 138.083 and that the trial court had denied the motion, stating that "the appropriate remedy is a resentencing to effectuate the court's intention." *Id.* at 664. We concluded that it therefore was "certain" that, on remand, the trial court would restructure the defendant's sentences so as to achieve the same total term of imprisonment that it originally had imposed and that, accordingly, the asserted errors were of insufficient gravity to merit plain error review. *Id.* at 664-65.

By contrast, in *State v. Marshall*, 219 Or App 511, 518, 183 P3d 241 (2008)—decided after oral argument in this

case—we concluded that an error in the calculation of one of the defendant's multiple consecutive sentences was not "harmless" because, unlike in *Jenniches*, it was merely "possible," and "not certain," that, on remand, the trial court would impose the same aggregate term of imprisonment. We therefore remanded the case for resentencing. Although the error in *Marshall* was preserved, that case nevertheless is useful for comparison purposes as to our level of certainty regarding the probable outcome of a remand involving multiple consecutive sentences.

As to the latter issue, this case is more like *Jenniches* than *Marshall*. The record shows that, at sentencing, the prosecutor urged the trial court to impose a 60-month firearm minimum on defendant's burglary conviction and a 90-month Measure 11 sentence on the kidnapping conviction, also with a 60-month firearm minimum. The prosecutor requested that 70 months of the 90-month sentence be ordered to run consecutively to the 60-month sentence, resulting in a total of 130 months; because the portion of the burglary sentence that did not run concurrently with the kidnapping sentence would be eligible for earned time reductions, defendant would be incarcerated for "just a hair over 10 years." The prosecutor argued that that total amount of incarceration time was necessary for public safety reasons. Defense counsel requested that the two sentences run concurrently.

Noting defendant's substance abuse issues and his failure to recognize the seriousness of his offenses, the trial court determined that partially consecutive sentences were appropriate. It first sentenced defendant to 90 months on the kidnapping conviction, noting that the 60-month firearm minimum on that conviction "runs basically concurrent" to the 90-month sentence. It next imposed a 60-month firearm minimum on the burglary conviction, 30 months of which was to run consecutively to the 90-month sentence. The court did not expressly mention any particular total amount of time it intended to impose. However, it stated that "the State and the community [have] some real valid concerns about your ability to be rehabilitated in any time—in any shorter period of time."

Given the nature of the asserted error in this case—the imposition of 60-month firearm minimums on both convictions, as to one of which the 60-month minimum was subsumed in the 90-month sentence required for that conviction under ORS 137.700 and therefore had no practical effect—and, given the fact that the trial court indicated its belief that the total aggregate incarceration term of 120 months was necessary for community safety and defendant's successful rehabilitation, we are certain that, on remand, the trial court would, as the state posits, simply remove the firearm minimum from the 90-month sentence.[1]

Moreover, we are confident of that result notwithstanding that the total sentence in this case is dependent on defendant's kidnapping and burglary sentences running partly consecutively to each other. In *State v. Ice*, 343 Or 248, 262-67, 170 P3d 1049 (2007), *cert granted*, ____ US ____ , 128 S Ct 1657 (2008)—decided after the trial and sentencing in this case—the Oregon Supreme Court decided that, under the Sixth Amendment to the United States Constitution, the facts supporting consecutive sentences must be found by a jury. That principle would apply to defendant's sentences on remand for resentencing. *See* ORS 138.222(5)(a) (if appellate court determines that sentencing court committed an error requiring resentencing, appellate court shall remand entire case for resentencing; sentencing court may impose new sentence for any conviction in the case). Thus, if those findings previously had been made by the trial court, we might be unable to say with certainty that a jury would also make such findings. Here, however, although the court expressed doubt that jury findings were necessary, the jury itself was asked to, and did, make findings supporting the imposition of defendant's consecutive sentences. Specifically, the jury found that the kidnapping offense caused or created a risk of causing a greater or qualitatively different loss, injury, or harm to the victim than was caused by the burglary offense, as provided

---

[1] Stated another way, one of defendant's 60-month firearm minimums is, in effect, concurrent to the 90-month sentence to which it applies. *See Fults*, 343 Or at 523 (identifying the existence or "role" of concurrent sentences as a factor in *Ailes* discretion analysis).

in ORS 137.123(5)(b). Accordingly, defendant would not be entitled to further factfinding of that nature.[2]

We acknowledge that this is not a case in which there appears to be a "significant possibility that defendant's failure to object" to the multiple firearm minimums was in fact a "strategic choice" or in which defendant "encourage[d] * * * the judge's choice." *See Fults*, 343 Or at 520, 523 (identifying and applying those factors). However, the absence of those circumstances, which weighs in favor of our exercising our discretion, does not, in this case, outweigh "the interest of the judicial system in avoiding unnecessary repetitive sentencing proceedings." *Id.* at 523. Again, we are certain that, if we were to remand this case to the trial court, it would correct its error in a manner that leaves intact defendant's total aggregate sentence of 120 months. As in *Jenniches*, we therefore decline to reach defendant's unpreserved assignment of error.

Affirmed.

---

[2] In a supplemental memorandum of authorities, defendant argues that, under *Ice*, the trial court's finding of the facts relevant to consecutive sentences was plain error. Defendant did not assert that error as an assignment of error in his opening or a supplemental brief. ORAP 5.45. In any event, as discussed above, the record shows that the jury made the requisite finding.