Submitted on remand from the Oregon Supreme Court October 28, 2008, affirmed January 7, 2009

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

NATHAN WAYNE GALLOWAY,
*Defendant-Appellant.*

Crook County Circuit Court
02FE0202; A121922

200 P3d 175

George W. Kelly for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Paul L. Smith, Assistant Attorney-in-Charge, Criminal Appeals, for respondent.

Before Landau, Presiding Judge, and Brewer, Chief Judge, and Haselton, Judge.

BREWER, C. J.

## BREWER, C. J.

This case is before us on remand from the Supreme Court, which vacated our prior decision, *State v. Galloway*, 202 Or App 613, 123 P3d 352, *rev den*, 340 Or 201 (2006) (*Galloway I*), in light of *State v. Ramirez*, 343 Or 505, 173 P3d 817 (2007), *adh'd to as modified on recons*, 344 Or 195, 179 P3d 673 (2008), and *State v. Fults*, 343 Or 515, 173 P3d 822 (2007). *State v. Galloway*, 345 Or 315, 195 P3d 62 (2008). In *Galloway I*, we vacated defendant's sentences and remanded for resentencing because the trial court had imposed a departure sentence based on a judicial finding that defendant's crime had created a serious risk to human life. That factfinding enterprise constituted plain error, and we exercised our discretion to correct it. The issue before us on remand is whether, in light of *Ramirez* and *Fults*, we properly exercised our discretion under *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381-82, 823 P2d 956 (1991). We conclude that, under *Ramirez*, our exercise of discretion in *Galloway I* was erroneous. Accordingly, we affirm.

Defendant was convicted of nine counts of attempted aggravated murder; five counts of attempted murder; six counts of first-degree arson; two counts of first-degree burglary; four counts of recklessly endangering another person; and one count of arson in the second degree. Defendant assigns error to the trial court's imposition of an upward departure sentence on the second-degree arson conviction.[1] The trial court concluded that the presumptive sentence for arson in the second degree, 30 days in jail, was insufficient. The court explained:

> "I'm shaking my head because, given all of this stuff that you've just been convicted of under the sentencing guidelines that are supposed to give us truth in sentencing, the presumptive sentence is 30 days in jail. And I'm not imposing that, but that's absolutely absurd in my mind under those circumstances and the potential risk to other human beings setting a fairly significant fire in the Crook County in the middle of August in one of the driest years in the history of recorded weather.

---

[1] Defendant does not assign error to the trial court's order that he serve the departure sentence consecutively to his remaining sentences.

"And I'm going to impose a dispositional departure sentence of six months. That sentence is to run consecutively to the other sentences. And the basis for the departure sentence is that the presumptive guidelines sentencing is not reflective of the seriousness of the overall criminal episode that concluded with the Arson in the Second Degree."

In *State v. Ramirez*, 205 Or App 113, 123, 133 P3d 343, *adh'd to on recons*, 207 Or App 1, 139 P3d 981 (2006), *rev'd on other grounds*, 343 Or 505, 173 P3d 817 (2007), *adh'd to as modified on recons*, 344 Or 195, 179 P3d 673 (2008), we concluded that the imposition of a departure sentence under circumstances similar to this case—that is, where the defendant stood silent during sentencing but had not explicitly waived his or her rights to a jury trial on at least one of the charged offenses—constituted "plain error." Although the Supreme Court reversed our decision in *Ramirez* on the ground that we did not properly exercise our discretion in determining whether to correct the error, the court did not disturb our conclusion that the error was plain. The state urges us to reconsider that conclusion; however, we decline to do so.

The question remains whether we should exercise our discretion to correct the error in this case. The state argues that we should decline to exercise our discretion, because there is "no legitimate debate" that a jury would have found that defendant's crime created a serious risk to human life. *Cf. Ramirez*, 343 Or at 513 (if there is no legitimate debate about the existence of a sentence enhancement fact, the defendant's interest in a second sentencing hearing is minimal). As explained below, we need not reach that question.

As the Supreme Court explained in *Fults*, where other, unchallenged sentences render the gravity of the sentencing error slight, it is unlikely that a remand would make any practical difference and, thus, we should decline to exercise our discretion to correct an otherwise plain error. 343 Or at 523. This is such a case. Defendant was convicted of 27 crimes, including nine counts of attempted aggravated murder and six counts of attempted murder, and he was sentenced to a total incarceration term of 40 years and six months, the six months being the consecutive departure term

imposed on the second-degree arson conviction. The trial court imposed consecutive sentences on four of the attempted aggravated murder convictions; defendant does not challenge those sentences. The trial court also ordered 218 months of defendant's total prison sentences, on Counts 5, 15, 16, and 21, to be served concurrently.[2] In its written judgment, the trial court explained that "[i]t is the Court's intention that defendant's total sentence be 40 years and 6 months in the custody of the Department of Corrections."

As we held in *State v. Quintero-Martinez*, 220 Or App 497, 503, 188 P3d 350, *rev den*, 345 Or 318 (2008), we will decline to exercise our discretion to correct a sentencing error where "we are certain that, if we were to remand this case to the trial court, it would correct its error in a manner that leaves intact defendant's total aggregate sentence." In light of defendant's numerous convictions, the unchallenged consecutive sentences imposed by the trial court, and the court's stated intent to impose a total incarcerative term of 40 years and six months, remanding this case would contravene the judicial system's interest in avoiding "unnecessary repetitive sentencing proceedings." *Fults*, 343 Or at 523.

Affirmed.

---

[2] The remaining convictions were merged.