Submitted October 10, 2011, remanded for resentencing; otherwise affirmed
February 29, 2012

### STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

### LAWRENCE MICHAEL CAPRI,
*Defendant-Appellant.*

Clackamas County Circuit Court
CR0901311; A145892

273 P3d 290

Bear Wilner-Nugent filed the brief for appellant.

John R. Kroger, Attorney General, Mary H. Williams, Solicitor General, and Timothy A. Sylwester, Assistant Attorney General, filed the brief for respondent.

Before Schuman, Presiding Judge, and Wollheim, Judge, and Nakamoto, Judge.

SCHUMAN, P. J.

**SCHUMAN, P. J.**

Pursuant to a plea bargain, defendant pleaded guilty to two counts of felony stalking. The court sentenced him to 41 months of incarceration and three years of post-prison supervision on each count, with 28 months of the second count to run concurrently with the first count. Defendant argues that the trial court erred in sentencing him because 41 months of incarceration added to three years of post-prison supervision exceeds the five-year statutory maximum indeterminate sentence for a Class C felony, contrary to OAR 213-005-0002(4), set out below. Defendant concedes that his claim is not preserved, but argues that we should exercise our discretion to review it as plain error. The state contends that defendant's claim is not reviewable under ORS 138.222(2)(d), which prohibits us from reviewing "[a]ny sentence resulting from a stipulated sentencing agreement[,]" and that, even if it is within our authority to review the sentence, we should not exercise our discretion to do so. We reject the state's contentions and exercise our discretion to review defendant's claim as plain error. We remand for resentencing.

The relevant facts are undisputed. Defendant was charged in Clackamas County with 36 counts of felony stalking, ORS 163.732, and one count of reckless driving, ORS 811.140. He pleaded guilty to two counts of felony stalking (Count 7 and Count 10) in exchange for the dismissal of all remaining counts. Defendant's plea petition provided, in part:

"I have been told the District Attorney will recommend the following sentence [ ]:

"Stipulated Sentence: 54 months to DOC with credit for time served since arrest in September, 2009; no ETC/good time; eligibility for AIP (Powder River only) after serving forty (40) months; dismiss all remaining counts; DA agrees not to file on all known communications."

The court accepted defendant's plea and stated, "[U]nder the circumstances, I will accept the agreed-upon and negotiated resolution of the matter." On each count of conviction, the court sentenced defendant, who fell within grid block 8A of the sentencing guidelines grid, to "41 months Oregon Department of Corrections to be followed by 3 years post-prison supervision." With respect to Count 10, the court

ordered that defendant serve 28 months of that sentence concurrently with and 13 months consecutively to the sentence for Count 7, for a total prison sentence of 54 months.

Defendant appeals, arguing that the trial court erred by imposing a term of post-prison supervision that, when added to the prison term, exceeds the statutory indeterminate maximum sentence for a Class C felony, in violation of OAR 213-005-0002(4). That rule provides:

> "The term of post-prison supervision, when added to the prison term, shall not exceed the statutory maximum indeterminate sentence for the crime of conviction. When the total duration of any sentence (prison incarceration and post-prison supervision) exceeds the statutory maximum indeterminate sentence described in ORS 161.605, the sentencing judge shall first reduce the duration of post-prison supervision to the extent necessary to conform the total sentence length to the statutory maximum."

The state responds that, under ORS 138.222(2)(d), this court may not review defendant's sentence because it resulted from a "stipulated sentencing agreement."

We review a claim that the sentencing court failed to comply with the requirements of law in imposing a sentence for errors of law. ORS 138.222(4); *see also State v. Skelton*, 153 Or App 580, 593, 957 P2d 585, *rev den*, 327 Or 448 (1998). The state concedes that, under OAR 213-005-0002(4), the sentences that the court imposed are unlawful. Under ORS 161.605(3), the maximum term of an indeterminate sentence for a Class C felony, such as each of defendant's stalking convictions, is five years. *See* ORS 163.732(2)(b) ("stalking is a Class C felony if the person has a prior conviction for: (A) Stalking; or (B) Violating a court's stalking protective order"). Thus, the trial court unlawfully sentenced defendant to 41 months in prison and three years of post-prison supervision on each count because each sentence exceeds the maximum indeterminate sentence of five years.

The state responds that, under ORS 138.222(2)(d), this court may not review defendant's sentence. ORS 138.222(2)(d) provides that we may not review "[a]ny sentence resulting from a stipulated sentencing agreement between the state and the defendant which the sentencing

court approves on the record." The state contends that defendant expressly stipulated to a sentence as part of a plea agreement and the court approved that stipulation on the record and imposed the agreed-upon sentence, precluding review by this court. Defendant agrees that he stipulated, in the context that term is used in ORS 135.407(2) and (4), to be sentenced within grid block 8A of the sentencing guidelines to 41 months in prison for each count of stalking. However, he asserts that ORS 138.222(2)(d) is superseded by a different paragraph of ORS 138.222—paragraph (4)(a), which provides that "[i]n any appeal, the appellate court may review a claim that * * * [t]he sentencing court failed to comply with requirements of law in imposing or failing to impose a sentence[.]" (Emphasis added.) He also asserts that he did not stipulate to the length of his post-prison supervision term.

After reviewing the record, we agree with defendant's second argument: His "Petition to Enter Plea of Guilty" was not a stipulation to a three-year post-prison supervision term for purposes of ORS 138.222(2)(d). Defendant's plea petition provided, in part, "I have been told the District Attorney will recommend * * * <u>Stipulated Sentence: 54 months to DOC</u> * * *." Nowhere is post-prison supervision mentioned in the "Stipulated Sentence" section of the plea; it is mentioned only in a separate section where defendant acknowledged that he knew the possible maximum sentences for each count.[1] Further, nothing in the transcript of the plea and sentencing hearing indicates that defendant stipulated to the term of post-prison supervision. Though the court and counsel refer throughout the hearing transcript to a "stipulated resolution," "stipulated agreement," and "stipulated sentence," those terms are never used to refer to post-prison supervision; in fact, post-prison supervision was mentioned for the first time when the court announced defendant's sentence.

We have previously held that ORS 138.222(2)(d) was not intended to preclude review of a portion of a sentence that

---

[1] For each count, the charge and grid block are named, and under the heading "MAXIMUM SENTENCE" is printed, "5 YRS/$125,000 FINE PER ORS 41-45 MONTHS DOC + 36 MONTHS PPS PER OSSG." That information is not part of what defendant stipulated to, nor, we conclude, does it amount to invited error.

was not agreed to between the state and a defendant in a stipulated sentencing agreement. *State v. Davis*, 134 Or App 310, 314, 895 P2d 1374 (1995) (applying the Supreme Court's statutory interpretation of ORS 138.222(2)(d) in *State v. Kephart*, 320 Or 433, 443-45, 887 P2d 774 (1994)). In other words, "[i]f some aspects of a sentence comport with the stipulation and others do not, the portions that were not part of the stipulation are reviewable." *State v. Ivie*, 213 Or App 198, 202, 159 P3d 1257 (2007). Accordingly, because the term of post-prison supervision was not agreed to as part of the stipulated sentencing agreement, that portion of the sentence is reviewable.

Defendant concedes that he did not preserve the claim of sentencing error, but he asserts that the error is plain and requests that we review it as such under ORAP 5.45(1) and *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381-82, 823 P2d 956 (1991). Error is apparent on the record if (1) the error is one of law; (2) the error is "apparent," in that the "legal point is obvious, not reasonably in dispute"; and (3) the error appears "on the record" so that "[w]e need not go outside the record or choose between competing inferences to find it, and the facts that comprise the error are irrefutable." *State v. Brown*, 310 Or 347, 355, 800 P2d 259 (1990). We agree with defendant that the error is plain, and the state concedes as much, acknowledging, "Defendant is correct that for each conviction, the 41-month prison term when added to the 36-month term of post-prison supervision * * * exceeds the statutory maximum * * *." The state nonetheless argues that we should not exercise our discretion to correct the error. *Ailes*, 312 Or at 382 n 6. That determination involves the assessment of a variety of factors, including

"the competing interests of the parties; the nature of the case; the gravity of the error; the ends of justice in the particular case; how the error came to the court's attention; and whether the policies behind the general rule requiring preservation of error have been served in the case in another way, *i.e.*, whether the trial court was, in some manner, presented with both sides of the issue and given an opportunity to correct any error."

*Id.* (citations omitted). In addition, regarding sentencing errors,

"we consider whether the defendant encouraged the trial court's imposition of the erroneous sentence, the possibility that the defendant made a strategic choice not to object to the sentence, the role of other sentences in the case, and the interests of the justice system in avoiding unnecessary, repetitive sentencing proceedings."

*State v. Medina*, 234 Or App 684, 687, 228 P3d 723 (2010) (citing *State v. Fults*, 343 Or 515, 523, 173 P3d 822 (2007)). Defendant contends that the state has no legitimate interest in defendant serving an unlawful sentence and that defendant has a strong interest in being sentenced only according to law. *See State v. Wierson*, 216 Or App 318, 319, 172 P3d 281 (2007). The state responds that the error does not require correction because if defendant had objected at sentencing, the trial court could have modified the second sentence to 24 months of incarceration plus 36 months of post-prison supervision to comply with OAR 213-005-0002(4), and defendant's total sentence would have been precisely the same.

This court has declined to exercise its discretion to correct sentencing errors in cases where the trial court would certainly have imposed a lawful sentence identical in practical effect to the original sentence on remand. *See, e.g., State v. Quintero-Martinez*, 220 Or App 497, 501-03, 188 P3d 350, *rev den*, 345 Or 318 (2008) (trial judge's statements on the record indicated that he intended that the defendant serve a certain amount of time for successful rehabilitation so there was certainty that the trial court would impose the same sentence on remand); *State v. Jenniches*, 187 Or App 658, 663-64, 69 P3d 771, *rev den*, 335 Or 578 (2003) (it was certain that, on remand, the sentencing court would impose the same total term of imprisonment that it originally imposed). But in cases where the trial court merely *could* impose an effectively identical sentence by other means, yet might not, this court has exercised its discretion to correct the sentencing error and remanded for resentencing. *Medina*, 234 Or App at 689-91.

This case fits the latter description. Here, it is not certain that the trial court will impose a sentence on remand that is identical in practical effect to the original sentence.

Therefore, we exercise our discretion to correct the sentencing error.

Remanded for resentencing; otherwise affirmed.