Submitted May 29, remanded for resentencing; otherwise affirmed July 1, 2015

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

CHRISTOPHER SHAUN CARTER,
*Defendant-Appellant.*

Coos County Circuit Court
13CR0975; A155096

354 P3d 764

Peter Gartlan, Chief Defender, and Ernest G. Lannet, Chief Deputy Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Timothy A. Sylwester, Senior Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and DeVore, Judge, and Garrett, Judge.

PER CURIAM

## PER CURIAM

In this criminal appeal, defendant challenges his concurrent sentences of 36 months' imprisonment and 36 months' post-prison supervision (PPS) as exceeding the maximum permitted by law. Defendant requests that we review his sentences as plain error under ORAP 5.45(1), and exercise our discretion to correct the error. *See Ailes v. Portland Meadows, Inc.,* 312 Or 376, 382, 823 P2d 956 (1991).

Defendant pleaded guilty to two counts of second-degree attempted assault. ORS 161.405(2)(c) ("An attempt is a * * * Class C felony if the offense attempted is a Class B felony."); ORS 163.175(2) ("Assault in the second degree is a Class B felony."). The court imposed a sentence of 36 months' imprisonment and 36 months of PPS on Count 1 and an identical sentence on Count 2, and ordered defendant to serve the sentences concurrently.

The statutory maximum indeterminate sentence for a Class C felony is 60 months. ORS 161.605(3). OAR 213-005-0002(4) provides, in part, that "[t]he term of [PPS], when added to the prison term, shall not exceed the statutory maximum indeterminate sentence for the crime of conviction." The state concedes that the PPS term of 36 months for each count exceeds the limitation imposed by OAR 213-005-0002(4). Nevertheless, the state urges us not to exercise our discretion to correct the error, asserting that, if defendant had raised an objection in a timely manner, the court "easily could have—and certainly would have—imposed the very same overall sentence." The state reasons that the court would have reduced the PPS term on the conviction for Count 1 to 24 months, and then reduced the concurrent prison term on Count 2 to 24 months, which would have allowed it to impose the 36-month term of PPS on that conviction. The state argues, therefore, that the "net result would have been precisely the same: defendant would serve 36 months in prison and then, upon his release, would serve 36 months on [PPS]."

We have previously declined to exercise our discretion to review a sentencing error when "we conclude[d] that the 'gravity of the error' was insignificant, as the court

would have imposed the same sentence in any event." *State v. Jenniches*, 187 Or App 658, 663, 69 P3d 771, *rev den*, 335 Or 578 (2003). In *Jenniches*, the record reflected that, on remand, "the sentencing court *would* impose the same total term of imprisonment" that it had originally imposed. *Id.* at 664 (emphasis in original).

Although the state is correct that the sentencing court could have reached the same "net result," we are not convinced that the record indicates that it is *certain* that the court would do so. *See State v. Marshall*, 219 Or App 511, 518, 183 P3d 241 (2008) (remanding for resentencing when it was possible the court would impose the same incarceration term, but not certain that the court would do so); *see also State v. Saechao*, 256 Or App 369, 373, 300 P3d 287 (2013). Accordingly, we accept the state's concession and, for the reasons stated in *State v. Ramos*, 254 Or App 748, 749, 295 P3d 176 (2013), we exercise our discretion to correct the error.

Remanded for resentencing; otherwise affirmed.