PER CURIAM
*885 Defendant's probation was revoked in these cases that were consolidated for appeal. In Case No. 15CR39407, defendant was convicted of unauthorized use of a vehicle, ORS 164.135, and third-degree robbery, ORS 164.395, and he was sentenced to probation on each of those convictions. In Case No. 16CR49464, defendant was convicted of identity theft, ORS 165.800, and he was sentenced to probation.[1] Defendant's probation on all three offenses was revoked and, on each of the convictions, the sentencing court imposed a concurrent 58-month prison sentence, with 36 months' post-prison supervision.
Defendant assigns error to those sentences, arguing on appeal that the sentencing court plainly erred because the sentences exceed the maximum total sentence for those *508 offenses, and he requests that we exercise our discretion to correct the unpreserved errors. Each sentence's total length is 94 months. Defendant's convictions are subject to a 60-month maximum indeterminate sentence of imprisonment. ORS 161.605(3). OAR 213-005-0002(4) provides that "[t]he term of post-prison supervision, when added to the prison term, shall not exceed the statutory maximum indeterminate sentence for" the offense. The state concedes that the sentences in Case Nos. 15CR39407 and 16CR49464 are erroneous "for the reason that defendant identifies," and it agrees that we should remand those cases for resentencing. We agree that the sentencing court plainly erred in imposing total sentences that exceed the 60-month maximum sentence for those convictions. State v. Carter , 272 Or. App. 161, 162, 354 P.3d 764 (2015). We exercise our discretion to correct the error for the reasons expressed in State v. Evans , 281 Or. App. 771, 773, 383 P.3d 444 (2016), rev. den. , 360 Or. 752, 388 P.3d 724 (2017) (error would have significant effect on sentence, can be corrected with minimum of judicial resources, and state lacks interest in a defendant serving an unlawful sentence). Accordingly, we remand for resentencing. *886 In Case Nos. 15CR39407 and 16CR49464, remanded for resentencing; otherwise affirmed. In Case No. 16CR52000, affirmed.

The probation violation cases were heard together. Defendant also appealed from the judgment in another case, Case No. 16CR52000, but he does not assign error to any aspect of that judgment. Accordingly, we affirm that judgment.