PER CURIAM
*275 Defendant appeals a judgment of conviction for driving under the influence of intoxicants (DUII), a Class C felony, ORS 813.010(5). Among other terms, defendant's sentence for his DUII conviction included 60 months' imprisonment and an order to pay a "Fine-DUII" of $ 2,255. Defendant contends on appeal that the trial court erroneously believed that it was required to impose a $ 2,000 DUII fine and $ 255 conviction fee when, in fact, it had discretion to waive both amounts. Defendant concedes that he did not preserve his claims of error but asks us to review them for plain error. The state concedes that the trial court plainly erred in failing to exercise its discretion in imposing the $ 255 conviction fee. We agree and remand for resentencing, but otherwise affirm.[1]
Under ORS 813.020, a court is generally required to order the defendant to pay a $ 255 DUII conviction fee. However, the court also has discretion to "waive all or part of the fee" in cases, like this one, "involving indigent defendants." ORS 813.030.
Here, it appears from the record that the court erroneously believed that it was required to impose an "assessment" fee under the DUII statute. Because the court failed to exercise its discretion whether to impose the $ 255 DUII conviction fee, we conclude that the court erred. State v. Larson , 289 Or. App. 60, 62, 408 P.3d 273 (2017) (court errs when it fails to consider under ORS 813.030 *937 whether to require an indigent defendant to pay $ 255 DUII conviction fee).
Next, we address whether it is appropriate to exercise our discretion to correct the error. See Ailes v. Portland Meadows, Inc. , 312 Or. 376, 382-83, 823 P.2d 956 (1991) (setting out factors to consider in the exercise of our discretion). Here, the gravity of the error and the ends of justice weigh *276 in favor of exercising our discretion; $ 255 is a large sum of money for an indigent defendant who will be incarcerated for 60 months. See State v. Williams , 271 Or. App. 693, 694-95, 352 P.3d 742, rev. den. , 358 Or. 249, 364 P.3d 1002 (2015) (concluding that, for purposes of plain-error review, an unlawfully imposed $ 500 attorney-fee award was "not so small that it would not present a significant burden to a person without means"). We also see no strategic benefit to defendant from intentionally failing to object to the court's imposition of a fee when the court believed it was mandatory and not discretionary. Thus, we conclude that it is appropriate for us to exercise our discretion to correct the error. See State v. Sosa , 224 Or. App. 658, 663-64, 199 P.3d 346 (2008) (considering defendant's role in imposition of sentence).
Remanded for resentencing; otherwise affirmed.

Because the case must be remanded for resentencing, we decline to address defendant's other unpreserved sentencing-related assignment of error under the strictures of plain-error review. On remand, defendant will have an opportunity to address the issue raised by the assignment. See, e.g. , State v. Jay , 251 Or. App. 752, 753 n. 1, 284 P.3d 597 (2012), rev. den. , 353 Or. 209, 297 P.3d 481 (2013) (similarly declining to reach unpreserved sentencing error where case was remanded for resentencing on a different assignment of error).