PER CURIAM
*687 Among other convictions, defendant was convicted of strangulation and fourth-degree felony assault for which the trial court imposed upward durational departure sentences of 60 months' imprisonment and 24 months' post-prison supervision, totaling 84 months for each conviction. Defendant argues on appeal that, because the terms exceed the statutory maximum for each of those offenses, the trial court plainly erred by imposing them. That is, a total 84-month term for the convictions exceeds the 60-month maximum indeterminate sentence allowed by ORS 161.605(3) and OAR 213-005-0002(4). See State v. Jepsen , 292 Or. App. 884, 885, 425 P.3d 507 (2018) (concluding that, under ORS 161.605(3) and OAR 213-005-0002(4), it was *1148 plain error to impose a sentence of 94 months).
Although defendant did not preserve that argument, he asks us to correct the asserted error as one apparent on the record. ORAP 5.45(1). For its part, the state concedes that the trial court plainly erred in imposing those sentences and that we should remand for resentencing. The state's concession is well taken, and we accept it. We also exercise our discretion to correct the error for the reasons expressed in Jepsen , 292 Or. App. at 885, 425 P.3d 507 (error had significant effect on sentence, was correctable with a minimum of expended judicial resources, and state lacks interest in a defendant serving an unlawful sentence). We remand for resentencing and, consequently, we decline to address defendant's other assignments of error related to sentencing in which he seeks plain-error review (assignments of error five through seven). See State v. Kern , 298 Or. App. 274, 275 n. 1, 445 P.3d 936 (2019) (stating that defendant would have an opportunity on remand to address defendant's other unpreserved sentencing-related assignment of error). We reject defendant's remaining assignments of error (assignments of error one through four) without further discussion.
Remanded for resentencing; otherwise affirmed.