PER CURIAM
*42 *805 Defendant appeals from a judgment of conviction for one count of possession of methamphetamine and one count of felon in possession of a firearm. On appeal, defendant challenges only his conviction for felon in possession of a firearm. On that count, the trial court sentenced defendant to, among other terms, 48 months in prison and two years of post-prison supervision (PPS). We write to address only defendant's third assignment of error to the PPS term. We reject defendant's remaining assignments of error without discussion.
With regard to the PPS term, defendant argues that the trial court erred by imposing a term of PPS that, when added to the term of imprisonment, exceeds the statutory maximum for the offense. Defendant acknowledges that he did not preserve the assignment of error and requests that we exercise our discretion to correct the error as plain error. See ORAP 5.45(1) ; Ailes v. Portland Meadows, Inc. , 312 Or. 376, 382, 823 P.2d 956 (1991). The state concedes that the trial court plainly erred and that we should remand for resentencing. We agree, accept the state's concession, and exercise our discretion to correct the error.
OAR 213-005-0002(4) provides, in part, that "[t]he term of [PPS], when added to the prison term, shall not exceed the statutory maximum indeterminate sentence for the crime of conviction." In this case, the jury found defendant guilty of a Class C felony, ORS 166.270(5) ("Felon in possession of a firearm is a Class C felony."), which has a maximum indeterminate sentence of five years or 60 months, ORS 161.605(3). The sentenced imposed by the trial court-48 months' imprisonment and two years' PPS-exceeds that maximum penalty. Thus, the trial court plainly erred in entering that sentence. See, e.g. , State v. Carter , 272 Or. App. 161, 354 P.3d 764 (2015) (correcting an excessive sentence under OAR 213-005-0002(4) as plain error). In addition, for the reasons stated in State v. Ramos , 254 Or. App. 748, 749, 295 P.3d 176 (2013), we conclude that it is appropriate to exercise our discretion and correct the error in this case.
Remanded for resentencing; otherwise affirmed.