Submitted September 4; portion of amended judgment imposing additional $1,500 fine vacated, remanded for resentencing, otherwise affirmed October 7, 2020

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

STACEY ANN DUYCK,
*Defendant-Appellant.*

Washington County Circuit Court
18CR37788; A170331

473 P3d 615

Ricardo J. Menchaca, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Mark Kimbrell, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Philip Thoennes, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Shorr, Judge, and Powers, Judge.

PER CURIAM

Portion of amended judgment imposing additional $1,500 fine vacated; remanded for resentencing; otherwise affirmed.

## PER CURIAM

Defendant pleaded guilty to third-degree theft, ORS 164.043, which is a Class C misdemeanor. The court suspended imposition of sentence and placed defendant on probation, requiring her to pay a $100 fine and complete 48 hours of community service. Thereafter, the court found defendant in violation of her probation for failing to complete community service and amended the judgment to impose an additional fine of $1,500. Defendant did not object but argues on appeal that the court plainly erred in imposing the additional fine because, under ORS 161.635(1)(c), the maximum fine for a Class C misdemeanor is $1,250. The state concedes the error.

This court has concluded that imposition of a sentence that exceeds a statutory maximum constitutes plain error. *See, e.g.*, *State v. Snyder*, 298 Or App 804, 447 P3d 41, *rev den*, 366 Or 64 (2019) (exercising discretion to correct error where total length of sentence exceeded statutory maximum). This court also has corrected plain errors regarding the amount of a fine. *See generally State v. Loudermilk,* 288 Or App 88, 405 P3d 195 (2017) (court erred in concluding that defendant was subject to mandatory minimum fine). Under the circumstance presented here, we conclude that the court plainly erred in imposing a fine in an amount greater than allowed under ORS 161.635(1)(c), and that the gravity of the error and the ends of justice weigh in favor of exercising our discretion to correct it. *See generally Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382-83, 823 P2d 956 (1991) (setting out factors to consider in the exercise of discretion).

Portion of amended judgment imposing additional $1,500 fine vacated; remanded for resentencing; otherwise affirmed.