Submitted November 12; in Case No. 17CR78039, reversed and remanded for resentencing, in Case No. 18CR53274, affirmed December 23, 2020

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DUSTIN MICHAEL BORG,
*Defendant-Appellant.*

Lane County Circuit Court
17CR78039, 18CR53274;
A170165 (Control), A170381

480 P3d 330

Bradley A. Cascagnette, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Meredith Allen, Deputy Public Defender, Office of Public Defense Services, filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jonathan N. Schildt, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Presiding Judge, and James, Judge, and Kamins, Judge.

PER CURIAM

In Case No. 17CR78039, reversed and remanded for resentencing. In Case No. 18CR53274, affirmed.

**PER CURIAM**

This is a consolidated appeal from two separate cases: Case No. 17CR78039 and Case No. 18CR53274. On appeal, defendant contends, among other things, that the trial court erred in imposing a three-year term of post-prison supervision (PPS) on his sentence in the probation-revocation case, Case No. 17CR78039. The state concedes that the court erred in the amended judgment in that case because defendant's term of incarceration equals the statutory maximum. *See, e.g.*, *State v. Snyder*, 298 Or App 804, 805, 447 P3d 41, *rev den*, 366 Or 64 (2019) (holding that trial court plainly erred when it imposed a term of imprisonment and post-prison supervision that exceeded 60 months for a Class C felony).

The only dispute on appeal is the appropriate remedy. Defendant argues that both cases should be reversed and remanded under *State v. Sheik-Nur*, 285 Or App 529, 540, 398 P3d 472, *rev den*, 361 Or 886 (2017) (remanding consolidated case for resentencing), because the parties negotiated the cases together, and the trial court heard and sentenced them together as a package. Thus, defendant contends that the consolidated case consisting of the judgments in Case No. 18CR53274 and Case No. 17CR78039 is the "case" under ORS 138.257(4)(a)(B), and we must remand the consolidated case for resentencing.

The state argues that *Sheik-Nur* is inapplicable here and that we should reverse and remand only in the probation-revocation case because it is not tied to the substantive criminal case consolidated on appeal. The state acknowledges that the trial court sentenced defendant on those cases in the same hearing, but they were not tried together, and the sentences were not part of a sentencing package. According to the state, the sentences were the result of separate plea deals that were agreed to months apart and the sentence in one case did not depend on the sentence in the other.

Even if defendant is correct that both cases involved plea negotiations that were interrelated and affected each other, the record reflects that the only deviation from the parties' agreement(s) was the inclusion of the challenged

term of PPS in Case No. 17CR78039. That error will be corrected by reversal of the trial court's amended judgment in the probation-revocation case to remove the erroneous PPS term. Thus, we accept the state's concession and adopt its proposed remedy of reversing and remanding only in the probation-revocation case.

In Case No. 17CR78039, reversed and remanded for resentencing. In Case No. 18CR53274, affirmed.