Submitted December 17, 2020, affirmed January 13, petition for review denied June 10, 2021 (368 Or 206)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DEANA LYNN FREAUFF,
*Defendant-Appellant.*

Clatsop County Circuit Court
14CR24034; A169925

479 P3d 1114

Dawn M. McIntosh, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Stephanie J. Hortsch, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Doug M. Petrina, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Presiding Judge, and James, Judge, and Kamins, Judge.

PER CURIAM

Affirmed.

## PER CURIAM

Defendant was convicted in a bench trial of six counts of aggravated first-degree theft (Counts 1 and 3 through 7), one count of first-degree theft (Count 2), and one count of aggravated identity theft (Count 8). In this appeal, defendant raises seven assignments of error challenging various aspects of the court's resentencing following a remand for that purpose. *State v. Freauff*, 291 Or App 592, 416 P3d 334 (2018) (remanded for resentencing and otherwise affirmed). We affirm, writing only to address defendant's seventh assignment of error and rejecting defendant's other six assignments of error without discussion.

In her seventh assignment of error, defendant makes an unpreserved argument that the trial court plainly erred in resentencing defendant on Count 8 under ORS 137.717 (2012) rather than ORS 137.717 (2010), an error that resulted in the sentence on Count 8 being 17 months longer than it should have been. Further, defendant requests that we exercise our discretion to correct the error because the length of the sentence on Count 8 may affect the length of defendant's prison term should we remand for resentencing based upon defendant's other assignments of error.

The state concedes that the trial court plainly erred but argues that the error was harmless because the sentence for Count 8 is concurrent to, and completely subsumed by, defendant's sentences on the other counts of conviction. Therefore, the state argues, the erroneously long sentence will have no practical effect on defendant. *See State v. Jones*, 274 Or App 723, 730-31, 362 P3d 899 (2015) (concluding that the error in calculating the defendant's presumptive sentence was harmless because the trial court imposed a concurrent sentence for the offense and the defendant had identified no other adverse consequences).

We agree with the state that the trial court's error in calculating the presumptive sentence on Count 8 was harmless given that the sentence was concurrent with, and subsumed by, the sentences for the other convictions and given that we are affirming the trial court's sentencing on those other convictions. Accordingly, we conclude that the

conceded sentencing error on Count 8 provides no basis for reversal of the judgment.

Affirmed.