*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

Submitted April 26; in Case No. 18CR07935, remanded for resentencing, otherwise affirmed, in Case Nos. 19CR52718 and 20CR39285, affirmed May 24, 2023

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ALEJANDRO MACIEL-SALCEDO,
*Defendant-Appellant.*

Marion County Circuit Court
18CR07935, 19CR52718, 20CR39285;
A176719 (Control), A176720, A176722

Daniel J. Wren, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Kristin A. Carveth, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Timothy A. Sylwester, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, and Mooney, Judge, and Pagán, Judge.

SHORR, P. J.

In Case No. 18CR07935, remanded for resentencing; otherwise affirmed. In Case Nos. 19CR52718 and 20CR39285, affirmed.

**SHORR, P. J.**

In one of these three consolidated cases, Case No. 20CR39285, defendant was convicted of attempted first-degree murder, attempted second-degree murder, first-degree assault with a firearm, felon in possession of a weapon, and multiple counts of unlawful use of a weapon. He asserts that the trial court erred in determining his criminal history score on several of those offenses. The state responds that any error in that regard was harmless because the sentences in question were imposed concurrently with defendant's sentences for attempted first-degree murder and first-degree assault, which he does not challenge. As explained below, we agree with the state that any error was harmless.

In another case, Case No. 18CR07935, the court revoked defendant's probation on a conviction for unlawful use of a weapon and imposed a sentence of 18 months' imprisonment with 24 months of post-prison supervision, to be served consecutively with defendant's sentences in Case Nos. 20CR39285 and 19CR52718. Defendant contends that the trial court plainly erred in so imposing an 18-month sentence on revocation because the maximum sentence for that offense was six months' imprisonment under grid block 6I of the sentencing guidelines. The state agrees that the court plainly erred in that regard. We agree, accept the concession, and exercise our discretion to correct the error.[1]

In Case No. 20CR39285, defendant pleaded guilty to attempted first-degree murder, first-degree assault, several counts of unlawful use of a weapon, and felon in possession of a weapon. He also pleaded no contest to attempted second-degree murder. At sentencing, the court merged the attempted first-degree murder count with one of the unlawful use of a weapon counts, and imposed a mandatory minimum sentence of 240 months' imprisonment, which is not at issue on appeal. The trial court also merged the attempted second-degree murder count with another unlawful use of a weapon count and imposed a concurrent sentence of 72

---

[1] Defendant also appeals his probation revocation in a third case, Case No. 19CR52718, but assigns no error in that appeal.

months' imprisonment, which also is not at issue on appeal. The court sentenced defendant to 90 months' imprisonment for the first-degree assault conviction, 45 months' imprisonment for the unlawful use of a weapon conviction, and 30 months' imprisonment for the felon in possession of a firearm conviction. The court used a criminal history score of B to sentence defendant on the attempted first-degree murder conviction, but used a criminal history score of A to sentence defendant on the remaining four offenses and imposed those remaining sentences concurrently with the attempted first-degree murder conviction sentence and "all previously imposed sentences" in the judgment. Defendant argues on appeal that his criminal history score for the attempted second-degree murder, unlawful use of a weapon, and felon in possession of a firearm sentences should have been B rather than A.

The state does not respond on the merits, other than to observe that the 72-month sentence that the court imposed on the attempted second-degree murder conviction was in fact too short, as that offense was subject to a mandatory minimum sentence of 90 months pursuant to ORS 137.700(2)(a)(D). Instead, it argues that any error is harmless because all of those sentences are concurrent with and shorter than the unchallenged 240-month sentence for the attempted first-degree murder conviction. Defendant suggests that the error would not be harmless if his attempted first-degree murder conviction were to be reversed or if he was resentenced on that conviction. However, given that he does not challenge either the conviction or the sentence for that conviction on appeal, we agree with the state that the error was harmless.[2] *See, e.g.*, *State v. Freauff*, 308 Or App 530, 479 P3d 1114, *rev den*, 368 Or 206 (2021) (concluding that any sentencing error was harmless where sentence in question was concurrent with and subsumed by longer sentences).

With respect to the consecutive sentence on revocation in Case No. 18CR07935, the parties agree that the sentence imposed was incorrect and that the error was plain. We

---

[2] Defendant does not contend that any sentencing errors relating to the criminal history scores could have collateral consequences in the future.

conclude that the error merits correction. That case involved a conviction for unlawful use of a weapon in which defendant received the presumptive sentence of probation under grid block 6I of the sentencing guidelines. On revocation, as noted, the court imposed a prison sentence of 18 months' imprisonment. As the parties agree, under OAR 213-010-0002(1), the maximum sentence on revocation of probation under these circumstances is six months. *See, e.g.*, *State v. Jepsen*, 292 Or App 884, 425 P3d 507 (2018) (exercising discretion to correct plainly erroneous sentence imposed on revocation of probation). For the reasons set forth in *Jepsen*, we exercise our discretion to correct the error. Accordingly, we remand Case No. 18CR07935 for resentencing.[3]

In Case No. 18CR07935, remanded for resentencing; otherwise affirmed. In Case Nos. 19CR52718 and 20CR39285, affirmed.

---

[3] ORS 138.257(4)(a) does not require us to remand the other two cases for resentencing. The cases are consolidated on appeal, but were not consolidated below, and 18CR07935 was a probation violation in a substantively unrelated case. *See, e.g.*, *State v. Borg*, 308 Or App 161, 162-63, 480 P3d 330 (2020) (deciding not to remand case consolidated on appeal when cases were substantively unrelated, not consolidated below, and not part of a "sentencing package"); *cf. State v. Sheikh-Nur*, 285 Or App 529, 540, 398 P3d 472, *rev den*, 361 Or 886 (2017) (remanding consolidated cases for resentencing when separate charging instruments were permissively joined below, cases were tried and sentenced together, and counts of conviction being reversed were part of a sentencing package).