Argued and submitted September 10, 2007, decision of Court of Appeals affirmed; judgment of circuit court reversed, and case remanded to circuit court for further proceedings February 22, 2008

STATE OF OREGON,
*Respondent on Review,*

*v.*

ANDRE RAMON JACOB,
*Petitioner on Review.*

(CC 020231253; CA A119971; SC S054173)

180 P3d 6

Jamesa J. Drake, Deputy Public Defender, Salem, argued the cause and filed the brief for petitioner on review. With her on the brief was Peter Gartlan, Chief Defender, Legal Services Division, Office of Public Defense Services.

Doug M. Petrina, Assistant Attorney General, Salem, argued the cause and filed the brief for respondent on review. With him on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before De Muniz, Chief Justice, and Gillette, Durham, Balmer, Kistler, and Walters, Justices.**

WALTERS, J.

---

** Linder, J., did not participate in the consideration or decision of this case.

## WALTERS, J.

Defendant was convicted three times of felonies involving the use or threatened use of firearms; the first conviction was in 1983, the second in 1991, and the third in 2002. Defendant received a five-year minimum sentence for the first felony and a 10-year minimum sentence for the second felony, under the applicable versions of ORS 161.610. The trial court that sentenced defendant on the third felony refused to impose a 30-year minimum sentence pursuant to ORS 161.610(4)(c) (2001)[1] because it concluded that defendant's first "gun minimum"[2] conviction and sentence were constitutionally infirm. The state appealed and, in a divided, en banc decision, the Court of Appeals held that defendant could not collaterally attack the first conviction. As a result, the court reversed the decision of the trial court and remanded the case to the trial court for imposition of sentence. *State v. Jacob*, 208 Or App 62, 145 P3d 212 (2006). We affirm the decision of the Court of Appeals.

In 1982, a jury found defendant guilty of first-degree robbery. In early 1983, the trial court imposed a five-year gun minimum sentence based on that conviction, after holding the evidentiary hearing required under the then-applicable version of ORS 161.610 (1981) and finding that defendant had used or threatened to use a firearm.[3] During the time between the guilty verdict and the sentence, this court had issued a decision holding that those subsections of ORS 161.610 (1981), which allowed the court, as opposed to the jury, to make the firearm finding, violated a defendant's jury

---

[1] ORS 161.610(4) (2001) provides, in part:

"The minimum terms of imprisonment for felonies having as an element the defendant's use or threatened use of a firearm in the commission of the crime shall be as follows:

"(a) Except as provided in subsection (5) of this section, upon the first conviction for such felony, five years * * *.

"(b) Upon conviction for such felony committed after punishment pursuant to paragraph (a) of this subsection, 10 years * * *.

"(c) Upon conviction for such felony committed after imprisonment pursuant to paragraph (b) of this subsection, 30 years."

[2] We use the term "gun minimum" to describe the convictions and minimum sentences that are the subject of ORS 161.610.

[3] In this opinion, we refer to that conviction as the "1983 conviction."

trial right under Article I, section 11, of the Oregon Constitution.[4] *See State v. Wedge*, 293 Or 598, 607-08, 652 P2d 773 (1982) (so holding). However, defendant did not raise a constitutional objection to the court making the finding at sentencing; neither did he raise a *Wedge* argument, either on direct appeal or in a post-conviction proceeding.

In 1991, a jury found defendant guilty of first-degree robbery with a firearm. The trial court imposed a 10-year gun minimum sentence pursuant to ORS 161.610 (1989). Defendant did not raise any issue concerning the lawfulness of the 1983 conviction during that 1991 trial court proceeding, nor did defendant raise that issue on direct appeal from the 1991 judgment or in a post-conviction proceeding.

In 2002, the court convicted defendant of first-degree robbery with a firearm following a stipulated facts trial. The state requested that defendant receive a 30-year gun minimum sentence pursuant to ORS 161.610(4)(c) (2001). Defendant objected to the state's request, arguing that his 1983 conviction and sentence were unconstitutional under *Wedge* and, therefore, could not serve as a predicate for a 30-year gun minimum sentence. The trial court agreed with defendant and imposed a 10-year gun minimum sentence under ORS 161.610(4)(b) (2001). The state appealed.[5]

The Court of Appeals, in a split decision, reversed the decision of the trial court and remanded for resentencing. The Court of Appeals first acknowledged that ORS 161.610 (2001) did not expressly permit defendant to challenge the validity of the 1983 conviction and sentence, nor did it require the state to prove that that prior conviction and sentence were constitutionally valid. *Jacob*, 208 Or App at 66-67. The court then looked to the broader context of that statute, including the statutes that govern direct appeal and post-conviction proceedings. *Id.* at 67. The court concluded that

---

[4] Article I, section 11, of the Oregon Constitution provides, in part, "In all criminal prosecutions, the accused shall have the right to public trial by an impartial jury in the county in which the offense shall have been committed[.]"

[5] ORS 138.020 permits the state to appeal. ORS 138.222(4)(a) provides for an appeal by either party that asserts that "[t]he sentencing court failed to comply with requirements of law in imposing or failing to impose a sentence[.]"

that statutory context, specifically ORS 138.540(1),[6] demon-
strated that the legislature did not intend to allow a defen-
dant to collaterally attack an arguably constitutionally
infirm judgment in a proceeding under ORS 161.610. *Id.* at
67-68. The Court of Appeals therefore held that the trial
court erred when it refused to include the 1983 conviction in
determining defendant's sentence under ORS 161.610. *Id.* at
75.

The dissent would have affirmed the trial court on
statutory construction grounds. *Id.* at 80 (Breithaupt, J., pro
tempore, dissenting). The dissent explained that, in its view,
there were two "key differences" between the 1981 version of
ORS 161.610, applicable to defendant's 1983 conviction, and
the 2001 version of ORS 161.610, applicable to defendant's
2002 conviction: (1) the earlier version allowed the court to
make the necessary firearm finding; and (2) the earlier ver-
sion allowed imposition of a gun minimum sentence regard-
less of whether the court or the jury made the finding. *Id.* at
81-82. Specifically, the version of ORS 161.610 applicable to
defendant's first robbery conviction provided for sentence
enhancement for " 'felony convictions in which the court finds
that the defendant used or threatened to use a firearm.' " *Id.*
at 89 (quoting ORS 161.610(5) (1981)). Following the changes
made by the legislature to incorporate the holding of *Wedge*,
the dissent noted, the gun minimum sentence could only be
imposed for " 'felonies having as an element the defendant's
use or threatened use of a firearm in the commission of a
crime.' " *Id.* (quoting ORS 161.610(4) (1985)). Based on that
textual difference, the dissent concluded that the 2001 legis-
lature did not intend that felony convictions in which a *court*
had found the firearm element to serve as predicate offenses
in the post-*Wedge* version of ORS 161.610. *Id.* at 89-90.

Defendant sought review in this court. We held this
case in abeyance pending our decision in *Bailey v. Lampert*,
342 Or 321, 153 P3d 95 (2007), which was issued on February
8, 2007. We thereafter allowed review.

---

[6] That subsection provides, in part, that post-conviction relief "shall be the
exclusive means, after judgment rendered upon a conviction for a crime, for chal-
lenging the lawfulness of such judgment or the proceedings on which it is based."
ORS 138.540(1).

On review, defendant argues, consistent with the dissent in the Court of Appeals, that the terms of ORS 161.610 (2001) do not permit imposition of a 30-year gun minimum sentence. Defendant also argues that, even if the terms of ORS 161.610 permit such a sentence, the Oregon Constitution prohibits the use of the 1983 conviction to enhance his sentence, and two other statutes, ORS 137.079 and ORS 138.222, demonstrate a legislative intent to allow that challenge.

■   We begin our analysis with defendant's first argument and the text of the gun minimum statute. We again set forth the relevant portions of the version of that statute applicable to defendant's 2002 conviction and sentence:

"(3)   [I]f a defendant is convicted of a *felony having as an element the defendant's use or threatened use of a firearm during the commission of the crime,* the court shall impose at least the minimum term of imprisonment as provided in subsection (4) of this section. * * *

"(4)   The minimum terms of imprisonment for felonies having as an element the defendant's use or threatened use of a firearm in the commission of the crime shall be as follows:

"(a)   Except as provided in subsection (5) of this section, upon the first conviction for such felony, five years, except that if the firearm is a machine gun, short-barreled rifle, short-barreled shotgun or is equipped with a firearms silencer, the term of imprisonment shall be 10 years.

"(b)   Upon conviction for such felony committed after punishment pursuant to paragraph (a) of this subsection, 10 years, except that if the firearm is a machine gun, short-barreled rifle, short-barreled shotgun or is equipped with a firearms silencer, the term of imprisonment shall be 20 years.

"(c)   *Upon conviction for such felony committed after imprisonment pursuant to paragraph (b) of this subsection, 30 years.*"

ORS 161.610 (2001) (emphases added).

The text of subsection (4)(c) lists two requirements, and only two requirements, for imposing a 30-year gun minimum sentence: (1) a conviction for "such felony," referring to a felony "having as an element defendant's use or threatened use of a firearm during the commission of a crime," ORS 161.610(3), which (2) occurred "after imprisonment pursuant to paragraph (b)" of ORS 161.610(4). Defendant's 2002 conviction satisfied the first requirement because the crime for which defendant was convicted in 2002 was a felony, robbery in the first degree, which had as an element the use of a deadly weapon, with the indictment specifying a firearm as that weapon. *See* ORS 164.415(1) (2001) (listing being armed with a deadly weapon as an element). Defendant's 2002 conviction also satisfied the second requirement because it followed his imprisonment for 10 years pursuant to subsection (4)(b) of ORS 161.610, as established by the 1991 judgment.[7] Because defendant's 2002 conviction met both of the requirements of subsection(4)(c), the trial court was required to impose a 30-year minimum sentence. ORS 161.610(3), (4)(c).

■ The dissent in the Court of Appeals would have reached a different result because, as outlined, it took the position that the statute as a whole requires, as a predicate for imposition of a 30-year gun minimum sentence, that defendant have two prior convictions for "felonies having as an element the defendant's use or threatened use of a firearm." Although the statute would certainly *permit* the imposition of a 30-year minimum sentence after two such convictions, neither the text of subsection (4)(c) nor the text of the

---

[7] The 1991 judgment establishes that defendant was convicted of robbery with a firearm (a felony that had as an element the use or threat of use of a firearm) and sentenced to a minimum of 10 years in prison under ORS 161.610. The 1991 judgment is not more specific and does not itself make clear whether the 10-year imprisonment was imposed under ORS 161.610(4)(a) or (b), which both provide for a 10-year minimum sentence. Theoretically, the 1991 court could have imposed a 10-year minimum sentence under ORS 161.610(4)(a) if the firearm defendant used was a machine gun, short-barreled rifle, short-barreled shotgun, or was equipped with a firearms silencer. However, neither the state nor the defendant makes any such contention. Defendant's arguments are premised on an assumption that the 1991 court imposed its sentence pursuant to subsection (4)(b) of ORS 161.610. If the 1991 court had sentenced defendant to 10 years imprisonment under paragraph (a), the 2002 trial court could not have imposed a 30-year sentence under subsection (4)(c) regardless of the validity of the 1983 conviction. Subsection (4)(c) does not permit a 30-year gun minimum sentence unless the defendant has previously been imprisoned pursuant to subsection (4)(b).

statute as a whole *requires* two such convictions. As explained, subsection (4)(c) contains two requirements for imposition of a 30-year minimum sentence, but those two requirements do not include a requirement of two prior gun-minimum convictions. Instead, the statute as a whole provides for lengthier periods of imprisonment after less stringent sanctions have proven unsuccessful. The statute requires increased incarceration after prior "punishment" (subsection (4)(b)) and "imprisonment" (subsection (4)(c)). The statute's terms do not evidence a legislative intent to consider the validity of the convictions that resulted in the previous punishment or imprisonment.

■  The broader statutory context of ORS 161.610 supports our interpretation. ORS 138.540(1) provides that post-conviction relief is the exclusive means for challenging a conviction, once an appeal has been unsuccessful, or the time for appeal has passed:

> "[A] petition pursuant to ORS 138.510 to 138.680 [the post-conviction relief provisions] shall be the *exclusive means*, after judgment rendered upon a conviction for a crime, *for challenging the lawfulness of such judgment or the proceedings upon which it is based.* The remedy created by ORS 138.510 to 138.680 does not replace or supersede the motion for new trial, the motion in arrest of judgment or direct appellate review of the sentence or conviction * * *."

(Emphases added.) In our view, by designating post-conviction relief as the "exclusive" means for challenging the lawfulness of a final judgment, the legislature intended to prohibit other, collateral, challenges to such a judgment. Defendant concedes that he did not bring a *Wedge* challenge to the 1983 conviction by the means anticipated or authorized by ORS 138.540(1).

The court's reasoning in *State v. Sims*, 335 Or 269, 273-74, 66 P3d 472 (2003), and in *Bailey v. Lampert*, 342 Or 321, 153 P3d 95 (2007), also echoes our conclusion regarding the interpretation of ORS 161.610(4)(c). In *Sims*, this court addressed the felony driving while revoked statute. 335 Or at 271. The defendant in that case argued that the 10-year-old administrative order revoking his driver's license had been erroneously issued and therefore the driving while revoked

charge against him should have been dismissed. *Id.* at 271-72. This court held that the text of the driving while revoked statute, ORS 811.182, did not require consideration of the validity of the revocation order; instead, "it appear[ed] that the legislature intended to criminalize the violation of a * * * revocation order without requiring the state to revisit the convictions underlying that order." *Id.* at 274. The court explained that "[a] criminal defendant's ability to attack collaterally the validity of an underlying suspension or revocation order must arise from the legislature's intent to permit such an attack." *Id.* at 275. In the driving while revoked statute, the court held, the legislature intended only that the state prove that (1) the defendant's license had been revoked, and (2) the defendant drove a motor vehicle while the revocation order was in effect. *Id.* Thus, that statute did not authorize a collateral attack of the revocation order. *Id.*[8]

In *Bailey*, the court addressed whether a conviction for being a felon in possession of a firearm had to be set aside because the defendant's prior felony conviction was overturned after he had been convicted of being a felon in possession. 342 Or at 323. The court analyzed the felon in possession statute, ORS 166.270, and noted that that statute required only that the state prove that (1) the defendant had been convicted of a felony and that (2) the defendant later possessed a firearm. *Id.* at 325. Thus, because the defendant had been a felon at the time that he possessed a firearm, this court concluded that he was a felon in possession under the terms of the statute, despite the fact that his earlier felony conviction was later overturned. *Id.* at 329.

As in *Sims* and *Bailey*, the text of the statute at issue controls the result. Because the terms of ORS 161.610(4)(c)

---

[8] In *State v. Probst*, 339 Or 612, 625, 124 P3d 1237 (2005), in contrast to *Sims*, a collateral attack on a prior conviction was allowed where the defendant was charged with felony driving under the influence of intoxicants (DUII), under ORS 813.010(5). Under that statute, driving under the influence of intoxicants becomes a felony if the defendant had been convicted of that crime three times in the preceding 10 years. *Id.* at 614. As noted by the court, a related statute, ORS 813.328, specifically contemplated that a defendant could choose to challenge the validity of prior DUII convictions and required that the defendant give notice if the defendant chose to mount such a challenge. *Id.* at 625. In this case, no similar statute contemplates that a defendant could challenge the validity of a prior gun crime.

mandate a 30-year minimum sentence, we reject defendant's first argument and turn to his second.

■     Defendant contends that, even if ORS 161.610 does not provide a statutory basis on which to hang his argument, the court's decision in *Wedge* provides that hook. That decision, defendant argues, prohibited the 2002 trial court from using his 1983 conviction in arriving at his sentence, and ORS 137.079(5)[9] compelled, or at least authorized, the trial court to correct that wrong. Neither *Wedge* nor ORS 137.079(5) permits defendant's collateral attack.

Defendant relies on this court's decision in *State v. Stewart/Billings*, 321 Or 1, 892 P2d 1013 (1995), to support his argument that ORS 137.079(5) permitted him to challenge his 1983 conviction in the 2002 proceedings. In *Stewart/Billings*, the defendants challenged the use of juvenile adjudications in determining their criminal history for later sentencing purposes. *Id.* at 4. The defendants argued that using the juvenile adjudications violated their right to a jury trial under Article I, section 11, of the Oregon Constitution because those juvenile crimes were not tried to a jury. *Id.*

---

[9] ORS 137.079(5), which governs the use of presentence reports, states:

"(a) The provisions of this subsection apply only to a defendant being sentenced for a felony committed on or after November 1, 1989.

"(b) Except as otherwise provided in paragraph (c) of this subsection, the defendant's criminal history as set forth in the presentence report shall satisfy the state's burden of proof as to the defendant's criminal history.

"(c) Prior to the date of sentencing, the defendant shall notify the district attorney and the court in writing of any error in the criminal history as set forth in the presentence report. Except to the extent that any disputed portion is later changed by agreement of the district attorney and defendant with the approval of the court, the state shall have the burden of proving by a preponderance of evidence any disputed part of the defendant's criminal history. The court shall allow the state reasonable time to produce evidence to meet its burden.

"(d) *The court shall correct any error in the criminal history as reflected in the presentence report.*

"(e) If corrections to the presentence report are made by the court, only corrected copies of the report shall be provided to individuals or agencies pursuant to ORS 137.077.

"(f) Except as provided in ORS 138.222, the court's decision on issues relating to a defendant's criminal history shall not be reviewable on appeal."

(Emphasis added.)

In response, the state contended that the defendants' argument was an "impermissible collateral attack on the validity of their juvenile adjudications." *Id.* at 5-6. This court disagreed, explaining that the "defendants' argument [was] not a collateral attack, because [the] defendants could not have made a direct attack on the future consequences of their juvenile adjudications *in juvenile court.*" *Id.* at 6 (emphasis in original). The court in *Stewart/Billings* also went on to hold that ORS 137.079(5) and ORS 138.222(4)[10] provided a statutory basis for the defendants' challenge:

> "We hold that defendants' state constitutional challenge to the use of their juvenile adjudications in sentencing in these cases is authorized by ORS 139.079(5), that the sentencing courts had authority to hear defendants' challenge on the ground asserted, and that appellate courts have jurisdiction to review that challenge under ORS 138.222(4)."

*Id.* at 7. It is important to understand that the defendants in *Stewart/Billings* did not argue that the juvenile adjudications rendered by a court rather than by a jury were themselves *invalid*. Instead, they argued the narrower proposition that the *use* of those *valid* adjudications in a later adult proceeding was impermissible.

In this case, defendant seeks to invalidate his 1983 conviction, at least for sentencing purposes. He does not argue, as the defendants in *Stewart/Billings* did, that a prior *valid* conviction cannot constitutionally be a predicate for a later sentence. Defendant asks us to hold, in this unrelated criminal proceeding, that his 1983 conviction was *invalid* under *Wedge* and, for that reason, that it cannot be used as a predicate for a 30-year gun minimum sentence. We decline to

---

[10] ORS 138.222(4), which governs appellate review of felony sentences, states that

> "[i]n any appeal, the appellate court may review a claim that:

> "(a) The sentencing court failed to comply with requirements of law in imposing or failing to impose a sentence;

> "(b) The sentencing court erred in ranking the crime seriousness classification of the current crime or in determining the appropriate classification of a prior conviction or juvenile adjudication for criminal history purposes; or

> "(c) The sentencing court erred in failing to impose a minimum sentence that is prescribed by ORS 137.700 or 137.707."

do so for two reasons. First, defendant reads *Wedge* too broadly. *Wedge* did not hold that all firearm findings made by judges rather than juries were constitutionally infirm or otherwise invalid, whether or not a defendant had challenged that finding at the time. Instead, *Wedge* held that "[*u*]*nder the facts of* [*that*] *case*," the defendant was deprived of his constitutional right to a jury trial because the trial court, and not a jury, made the firearm finding under ORS 161.610. *Wedge*, 293 Or at 609 (emphasis added). Because defendant here raised no objection to his 1983 conviction and sentence when they were imposed, either on appeal or in any post-conviction proceedings related to that conviction, we cannot say that, under the facts of *this* case, the 1983 conviction deprived defendant of his right to a jury trial. Second, in seeking to have us declare his 1983 conviction invalid for sentencing purposes, defendant here is pursuing, more than 20 years later, a collateral attack on his 1983 conviction. This he cannot do. *See* ORS 138.540(1) (outlining "exclusive means" for challenging a conviction); *see, e.g., State v. Latta*, 241 Or 250, 252, 405 P2d 467 (1965) (rejecting the state's attempt to challenge an erroneous post-conviction judgment where the state had failed to appeal, because it was "an error that should have been remedied when committed" or through the appellate process).

■        Defendant's argument based on ORS 137.079(5) also is unpersuasive. Defendant is correct that ORS 137.079(5) permits a sentencing court to correct a criminal history and that ORS 138.222(4) permits an appellate court to correct the actions of a sentencing court. ORS 137.079(5) may provide, as it did in *Stewart* / *Billings*, a vehicle for a defendant to assert that the *use* of a *valid* conviction in a later sentencing proceeding is impermissible. We express no opinion as to that issue. However, where a defendant makes an argument in a later unrelated criminal proceeding that a prior conviction is constitutionally *invalid*, as defendant does here, neither ORS 137.079(5) nor any other statute provides a basis to obtain a collateral declaration of invalidity. Defendant cannot mount a challenge to his 1983 conviction at this time or in this manner.

        Finally, we return to our interpretation of ORS 161.610(4)(c) to reiterate that, even if defendant could challenge his 1983 conviction in the 2002 sentencing proceeding,

the alleged invalidity of that 1983 conviction would be of no assistance to him. Regardless of the validity of the 1983 conviction, the terms of ORS 161.610(4)(c) required the imposition of a 30-year gun minimum sentence because defendant was convicted of a gun crime after he had been imprisoned pursuant to ORS 161.610(4)(b).

The decision of the Court of Appeals is affirmed. The judgment of the circuit court is reversed, and the case is remanded to the circuit court for further proceedings.