Submitted January 17, remanded for resentencing; otherwise affirmed
April 24, 2013

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

CHIEW TONG SAECHAO,
*Defendant-Appellant.*

Multnomah County Circuit Court
100331048; A147305

300 P3d 287

Peter Gartlan, Chief Defender, and Eric Johansen, Senior Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

John R. Kroger, Attorney General, Anna M. Joyce, Solicitor General, and Christina M. Hutchins, Senior Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Nakamoto, Judge, and De Muniz, Senior Judge.

ORTEGA, P. J.

## ORTEGA, P. J.

Defendant was convicted of several crimes arising from a single criminal transaction involving the use of a gun to take money from a store. The trial court imposed six separate 60-month mandatory minimum firearm sentences under ORS 161.610(4)(a).[1] Each of those sentences was subsumed in other sentences. The trial court imposed two consecutive sentences: an 120-month sentence for attempted aggravated murder with a firearm and a 90-month sentence for robbery in the first degree with a firearm, for a total aggregate sentence of 210 months' incarceration. All other sentences were imposed concurrently.[2]

On appeal, defendant contends that the trial court erred in applying ORS 161.610(4)(a) to multiple firearm convictions. At sentencing, defense counsel stated:

"I think having established a gun minimum, I don't know that you need to do that on every one. * * * I'm not really sure how to handle that, quite frankly. Obviously, * * * you're not going to give him * * * five years consecutive on it."

---

[1] ORS 161.610(4)(a) provides, in part:

"The minimum terms of imprisonment for felonies having as an element the defendant's use or threatened use of a firearm in the commission of the crime shall be as follows:

"(a) Except as provided in subsection (5) of this section, upon the first conviction for such felony, five years."

[2] Specifically, defendant was convicted of two counts of attempted aggravated murder with a firearm (which were merged), one count of robbery in the first degree with a firearm, one count of robbery in the second degree with a firearm, one count of burglary in the first degree with a firearm, one count of unlawful use of a weapon with a firearm, and one count of felon in possession of a firearm. On the first two counts, the convictions for attempted aggravated murder, the trial court sentenced defendant to 120 months' incarceration. ORS 137.700. On the first-degree robbery conviction, the court sentenced defendant to 90 months' incarceration to run consecutively with the 120-months' sentence. *Id.* On the second-degree robbery conviction, the court sentenced defendant to 70 months' incarceration. *Id.* On the burglary conviction, the court sentenced defendant to 66 months' incarceration. On the unlawful use of a weapon conviction, the court sentenced defendant to 60 months' incarceration. Finally, on the felon in possession conviction, the court sentenced defendant to 60 months' incarceration. The trial court imposed six separate 60-month firearm minimums pursuant to ORS 161.610(4)(a), with each of the above sentences to run concurrently. with each of the above sentences for a total aggregate incarceration term of 210 months (120 months for attempted aggravated murder with a firearm and 90 months for robbery in the first degree with a firearm).

Defendant argues that that statement was sufficient to preserve his contention on appeal—but, in any event, urges us to consider the application of multiple firearm minimums as plain error, and the state concedes that the trial court plainly erred in that respect. *See* ORAP 5.45(1) ("No matter claimed as error will be considered on appeal unless the claim of error was preserved in the lower court, provided that the trial court may consider an error of law apparent on the face of the record."); *State v. Brown*, 310 Or 347, 355, 800 P2d 259 (1990) (holding that an error is plain when it is one of law, the error is apparent, and appears on the face of the record); *see also State v. Hardesty*, 298 Or 616, 619, 695 P2d 569 (1985) (holding that multiple minimum sentences cannot be imposed under ORS 161.610 when a single trial results in convictions for more than one firearm felony). The state, however, relying on *State v. Quintero-Martinez*, 220 Or App 497, 188 P3d 350, *rev den*, 345 Or 318 (2008), argues that we should not exercise our discretion to review the error because, in the state's view, the trial court on remand "would correct its error in a manner that leaves intact defendant's total aggregate sentence."

We agree with, and accept, the state's concession that the trial court plainly erred in imposing multiple firearm minimums. We further exercise our discretion to correct that error in this case.

The determination of whether to exercise such discretion involves the assessment of a variety of factors, including

> "the competing interests of the parties; the nature of the case; the gravity of the error; the ends of justice in the particular case; how the error came to the court's attention; and whether the policies behind the general rule requiring preservation of error have been served in the case in another way, *i.e.,* whether the trial court was, in some manner, presented with both sides of the issue and given an opportunity to correct any error."

*Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382 n 6, 823 P2d 956 (1991). Specifically, with regard to sentencing errors, we consider "whether the defendant encouraged the trial court's imposition of the erroneous sentence, the possibility that

the defendant made a strategic choice not to object to the sentence, the role of other sentences in the case, and the interests of the justice system in avoiding unnecessary, repetitive sentencing proceedings." *State v. Medina*, 234 Or App 686, 687, 228 P3d 724 (2010).

Where, as here, the state concedes that the court erred,

"there are no 'competing interests of the parties' * * *. The state's concession also satisfies the policies behind the general rule of preservation and raising of error in that the adversary is not denied the opportunity to present its position to the court."

*State v. Jones,* 129 Or App 413, 416, 879 P2d 881 (1994). Further, we recognize that "the error could be corrected on remand with a minimum expenditure of judicial time and resources, and '[t]hus, it does not undercut or offend notions of judicial efficiency.'" *Medina*, 234 Or App at 688 (brackets in original) (quoting *Alexander v. Johnson*, 164 Or App 235, 238, 990 P2d 929 (1999)).

The state directs our attention to *Quintero-Martinez*, where the trial court committed a similar error and we declined to exercise our discretion to correct it. In that case, the trial court sentenced the defendant to 60 months in prison for first-degree burglary, imposing the firearm minimum under ORS 161.610, and 90 months for first-degree kidnapping, with 60 of those months also imposed under ORS 161.610. *Quintero-Martinez*, 220 Or App at 499. The trial court ordered that 30 months of the burglary sentence should run consecutively to the 90-month sentence for kidnapping, resulting in a total aggregate sentence of 120 months. At sentencing, the judge told the defendant that "'the State and the community [have] some real valid concerns about your ability to be rehabilitated in any time—in any shorter period of time.'" *Id*. at 501 (brackets in original). On appeal, the defendant argued that the trial court had committed plain error in applying multiple firearm minimum sentences. We agreed that the court had plainly erred, but declined to exercise our discretion to correct that error. We explained:

> "Given the nature of the asserted error in this case—the imposition of 60-month firearm minimums on both convictions, as to one of which the 60-month minimum was subsumed in the 90-month sentence required for that conviction under ORS 137.700 and therefore had no practical effect—and, given the fact that the trial court indicated its belief that the total aggregate incarceration term of 120 months was necessary for community safety and [the] defendant's successful rehabilitation, we are *certain* that, on remand, the trial court would, as the state posits, simply remove the firearm minimum from the 90-month sentence."

*Id.* at 502 (emphasis added). The state argues that this case is indistinguishable from *Quintero-Martinez* and that we should likewise decline to exercise our discretion to correct the error. Defendant disagrees, maintaining that this case is different because it is *not* certain that the trial court would impose the same aggregate sentence on remand. We agree with defendant.

Unlike in *Quintero-Martinez*, here there is no clear statement from which we can infer that the trial judge intended to keep defendant in prison for a certain period of time or that defendant needed a specific sentence for successful rehabilitation. The state draws our attention to the following statement from the trial judge:

> "That gets us to Count 3. And I can say by way of explanation that, you know, this is a robbery, and then it's the taking the shot at the guy. I see those as two very distinct events. We see a lot of robbery cases. Very few in which a shot is actually fired at somebody."

In the state's view, that statement provides certainty that, on remand, the trial court would impose the same aggregate sentence of 210 months by imposing the sentences for attempted aggravated murder with a firearm and first-degree robbery with a firearm. Defendant, on the other hand, argues, and we agree, that statement does not provide the same degree of certainty, as in *Quintero-Martinez*, that the trial court would impose the same total aggregate sentence on remand.

Additionally, defendant draws our attention to *Medina*. There, the trial court applied three separate 60-month firearm minimums under ORS 161.610. The first of those sentences was subsumed into the defendant's 90-month attempted murder sentence, and the two others ran concurrently with each other and consecutively to the 90-month sentence, yielding an aggregate sentence of 150 months of incarceration. 234 Or App at 686. We reasoned that, on remand,

"the trial court could resentence [the] defendant within the confines of ORS 161.610 and still impose 150 months of incarceration. However, that is not the only outcome. The court could, for example, impose the firearm minimum to run within the 90-month attempted murder sentence and make all of the remaining sentences concurrent to that one."

*Id.* at 691.

We agree with defendant that, although it is possible that the trial court could, on remand, resentence defendant within the confines of ORS 161.010 and still impose 210 months of incarceration, that is not the only possible outcome. The court could, for example, impose all sentences concurrently for an aggregate sentence of 120 months. Alternatively, the trial court could also impose the 120-month and 90-month sentences concurrently, and the 60-month firearm minimum consecutively, for an aggregate sentence of 180 months. It is also possible that the trial court could impose part of the 90-month sentence concurrently and part consecutively with the firearm minimum imposed concurrently for an aggregate sentence ranging between 120 and 210 months. As in *Medina*, those outcomes may be unlikely, but they are not impossible—that is, it is not certain that a remand will provide no benefit to defendant.

Taking into consideration the state's concession, the gravity of potential consequences to defendant, and the minimal cost to the judicial system of a resentencing proceeding, we conclude that a remand serves the ends of justice.

Remanded for resentencing; otherwise affirmed.