Submitted March 29, affirmed May 24, petition for review denied
September 14, 2017 (361 Or 886)

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## TERRY LEE ALLEN,
*Defendant-Appellant.*

Deschutes County Circuit Court
13FE0344; A160017

398 P3d 497

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Erica Herb, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Timothy A. Sylwester, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Egan, Judge, and Lagesen, Judge.

## ORTEGA, P. J.

Defendant was convicted of attempted murder, second-degree assault, unlawful use of a weapon (UUW), and coercion based on an incident involving the use of a firearm. The trial court imposed a 90-month mandatory minimum sentence for attempted murder under ORS 137.700(2)(a)(C), a 70-month mandatory minimum sentence for second-degree assault under ORS 137.700(2)(a)(G), and, for the UUW and coercion convictions, two 60-month mandatory minimum sentences under ORS 161.610(4)(a) for using a firearm during the commission of those crimes.[1] The court ordered the sentences for second-degree assault, UUW, and coercion to be served concurrently with the 90-month mandatory minimum sentence for attempted murder.

On appeal, defendant raises three assignments of error. We reject the first two without written discussion, and write to address defendant's third assignment of error, which contends that the trial court plainly erred in imposing a 60-month firearm minimum sentence under ORS 161.610(4)(a) for more than one of defendant's convictions. Although we agree that the court plainly erred in doing so, we decline to exercise our discretion to correct the error because defendant was not prejudiced by it. Accordingly, we affirm.

The state concedes that the trial court plainly erred in imposing two firearm minimum sentences in this case, and that concession is well-taken. *See State v. Hardesty*, 298 Or 616, 619, 695 P2d 569 (1985) (holding that only one 60-month mandatory minimum sentence can be imposed under ORS 161.610 when a single trial results in convictions for more than one felony in which a firearm was used or threatened to be used). Nonetheless, the state argues that we should decline to exercise our discretion to correct the error because, on remand, the trial court is certain to

---

[1] ORS 161.610(4) provides, in part:

"The minimum terms of imprisonment for felonies having as an element the defendant's use or threatened use of a firearm in the commission of the crime shall be as follows:

"(a) Except as provided in subsection (5) of this section, upon the first conviction for such felony, five years[.]"

correct its error in a way that leaves defendant's term of imprisonment undisturbed.

When plain error is established, we must determine if it is appropriate to exercise our discretion to correct the error. ORAP 5.45(1); *State v. Brown*, 310 Or 347, 355, 800 P2d 259 (1990) (plain error is an error of law that is apparent on the face of the record); *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382, 823 P2d 956 (1991) (the court must exercise its discretion to consider or not consider plain error, and if the court chooses to do so, it must articulate its reasons for that decision). The determination of whether to exercise our discretion to address a plain error involves the consideration of a variety of factors, including

"the competing interests of the parties; the nature of the case; the gravity of the error; the ends of justice in the particular case; how the error came to the court's attention; and whether the policies behind the general rule requiring preservation of error have been served in the case in another way, *i.e.*, whether the trial court was, in some manner, presented with both sides of the issue and given an opportunity to correct any error."

*Id.* at 382 n 6. In addition, with respect to sentencing errors specifically, we look to

"whether the defendant encouraged the trial court's imposition of the erroneous sentence, the possibility that the defendant made a strategic choice not to object to the sentence, the role of other sentences in the case, and the interests of the justice system in avoiding unnecessary, repetitive sentencing proceedings."

*State v. Medina*, 234 Or App 684, 687, 228 P3d 723 (2010).

In this case, the decision to exercise our discretion turns on the gravity of the error and the interests of the justice system in avoiding unnecessary, repetitive sentencing proceedings. Our cases establish that, generally, if we are "certain" that on remand the trial court would restructure defendant's sentences so as to achieve the same total term of imprisonment that it had originally imposed, the error is of insufficient gravity to merit plain error review. *State v. Quintero-Martinez*, 220 Or App 497, 502-03, 188 P3d 350, *rev den*, 345 Or 318 (2008) (declining to reach

the defendant's unpreserved assignment of error where it was certain that the trial court would correct its sentencing error in a manner that left intact the defendant's total aggregate sentence); *State v. Jenniches*, 187 Or App 658, 665, 69 P3d 771, *rev den*, 335 Or 578 (2003) ("[A] defendant is not prejudiced if it is clear that, on remand, the trial court lawfully could, and would, impose the same total term of imprisonment."). In contrast, however, if it is *merely possible* that the trial court could, on remand, resentence defendant within the confines of ORS 161.610 and still impose the same total term of incarceration, we have exercised our discretion to correct the error because of the gravity of the potential consequences and the minimal cost to the judicial system of a resentencing proceeding. *See State v. Saechao*, 256 Or App 369, 374, 300 P3d 287 (2013) (exercising discretion to correct plain error because it was possible that, on remand, the court could impose a shorter aggregate term of incarceration).

The state argues that this case is like *Quintero-Martinez*, where we declined to exercise our discretion to correct the trial court's plainly erroneous imposition of firearm minimum sentences on two of the defendant's convictions. 220 Or App at 503. In that case, the trial court sentenced the defendant to 60 months' imprisonment under ORS 161.610 for first-degree burglary and 90 months' imprisonment under ORS 137.700 for first-degree kidnapping. The judgment of conviction also stated that the defendant's 90-month kidnapping sentence was subject to a 60-month firearm minimum sentence under ORS 161.610, and ordered that 30 months of the defendant's 60-month burglary sentence be served consecutively to his 90-month kidnapping sentence. Accordingly, in total, the defendant received an aggregate incarceration term of 120 months. *Id.* at 499.

The state conceded that the trial court erred in applying ORS 161.610 to both of the defendant's convictions, yet argued that the error did not require resentencing because, on remand, the trial court could and likely would simply remove the erroneously duplicative 60-month firearm minimum sentence that was imposed concurrently with the defendant's 90-month kidnapping sentence. *Id.* at 499-500.

We declined to reach the error, concluding that it had "no practical effect" on the defendant. *Id.* at 502-03. We noted that one of the 60-month firearm minimum sentences was "subsumed" in the 90-month kidnapping sentence, and thus, the trial court would "simply remove the firearm minimum from the 90-month sentence." *Id.* at 502. We also noted that, "notwithstanding that the total sentence in this case is dependent on defendant's kidnapping and burglary sentences running partly consecutively to each other," we were certain that the trial court would impose the same total term of imprisonment in light of statements by the court on the record that 120 months' imprisonment was necessary for community safety and successful rehabilitation of the defendant. *Id.* at 502-03. That is, the defendant in that case was not prejudiced because, on remand, the trial court would have corrected the error in a way that left his aggregate sentence intact. *Id.* Given the lack of prejudice, we concluded that the gravity of the error was not significant enough for us to exercise our discretion to correct it.

Defendant counters that this case is more like *Saechao*, where we exercised our discretion to correct a firearm minimum sentencing error because it was not certain that the trial court would resentence the defendant on remand within the confines of ORS 161.610 and still impose the same aggregate term of incarceration. 256 Or App at 374.

In *Saechao*, the defendant was convicted of several crimes arising out of a single criminal transaction involving the use of a firearm. *Id.* at 370. The trial court imposed two consecutive sentences, a 120-month sentence for attempted murder with a firearm and a 90-month sentence for first-degree robbery. It also erroneously imposed multiple 60-month minimum firearm sentences under ORS 161.610(4)(a), all of which were "subsumed" in other sentences. *Id.* Accordingly, the defendant's total aggregate sentence was 210 months' imprisonment.

The state conceded that the trial court plainly erred in imposing multiple firearm minimum sentences, but relied on *Quintero-Martinez* to argue that we should not exercise our discretion to correct the error. *Id.* at 372. We acknowledged

that the trial court could resentence the defendant to the same total term of imprisonment on remand, but noted that that was not the only possible outcome. *Id.* at 374. We listed several scenarios under which the trial court could resentence the defendant in a way that would result in a shorter total term of imprisonment. Given the state's concession, the gravity of the potential consequences to the defendant, and the minimal cost to the judicial system of a simple resentencing proceeding, we concluded that exercising our discretion to correct the error served the ends of justice. *Id.*

Defendant argues that we should exercise our discretion because, like in *Saechao*, the trial court is not certain to impose the same sentence on remand in this case. However, defendant fails to offer any specific scenarios that could result in defendant serving a shorter period of imprisonment. The state counters that the sentencing court "imposed the *least onerous*" sentence allowed by law because the 90-month sentence for attempted murder is a mandatory minimum sentence under ORS 137.700(2)(a)(C), and defendant's other sentences are shorter and are to be served concurrently with that 90-month mandatory minimum sentence. Therefore, according to the state, the 60-month firearm minimum sentences imposed on defendant's convictions for UUW and coercion are "inconsequential" to the amount of time defendant will serve in prison under any possible future circumstances. Defendant has offered no reason to doubt the state's view on that matter, and we are unaware of any other reason to do so; accordingly, we agree that this case is more like *Quintero-Martinez* in that, even if the court removed either of the firearm minimum sentences imposed on the UUW or coercion convictions, it would not shorten defendant's total term of imprisonment. Accordingly, a remand for resentencing would have no "practical effect" on defendant's aggregate sentence.

Defendant also urges us to exercise our discretion to correct the error because, in his view, a court could subject him to a longer mandatory firearm minimum sentence at a future sentencing hearing (assuming he commits another crime subject to ORS 161.610). Specifically, he relies on provisions in ORS 161.610(4) that provide for increased

mandatory firearm minimum sentences (10 or 30 years) when a defendant has previously been punished under ORS 161.610(4).

ORS 161.610(4) provides that

"The minimum terms of imprisonment for felonies having as an element the defendant's use or threatened use of a firearm in the commission of the crime shall be as follows:

"(a) Except as provided in subsection (5) of this section, upon the first conviction for such felony, five years, except that if the firearm is a machine gun, short-barreled rifle, short-barreled shotgun or is equipped with a firearms silencer, the term of imprisonment shall be 10 years.

"(b) Upon conviction for such felony committed after punishment pursuant to paragraph (a) of this subsection or subsection (5) of this section, 10 years, except that if the firearm is a machine gun, short-barreled rifle, short-barreled shotgun or is equipped with a firearms silencer, the term of imprisonment shall be 20 years.

"(c) Upon conviction for such felony committed after imprisonment pursuant to paragraph (b) of this subsection, 30 years."

Defendant asserts that because the court erroneously imposed two firearm minimum sentences in this case, a court in a future case could "miscalculate the number of prior firearm enhancement sentences that defendant had received as two rather than one," which could subject defendant "to a much higher firearm enhancement sentence under ORS 161.610."

We disagree with defendant that the error would result in an erroneous firearm minimum sentence in a hypothetical future sentencing. In *State v. Jacob*, 344 Or 181, 187-88, 180 P3d 6 (2008), albeit in a different context, the Supreme Court explained that "lengthier periods of imprisonment" under ORS 161.610(4) are triggered when two requirements are met: "(1) a conviction for 'such felony,' referring to a felony 'having as an element defendant's use or threatened use of a firearm during the commission of a crime,' ORS 161.610(3), which (2) occurred 'after imprisonment pursuant to paragraph [(a) or] (b)' of ORS 161.610(4)." In *Jacob*, the court clarified that the lengthier sentences

available under ORS 161.610(4)(b) and (c) hinge on a conviction committed *after punishment* or imprisonment under the firearm-minimum statute, not on the number of prior convictions that resulted in a firearm minimum sentence under ORS 161.610. *Id.* In other words, it is not the number of firearm minimum *sentences* previously imposed that trigger the enhanced mandatory minimums in ORS 161.610 (4)(b) and (c); it is whether the defendant has previously been "punished" or "imprison[ed]" pursuant to ORS 161.610(4)(a) or (b). As the state points out, even though the trial court imposed two firearm minimum sentences in this case, defendant was only "punished" under ORS 161.610(4)(a)—*i.e.*, he received five-year sentences—and he was not punished pursuant to ORS 161.610(4)(b). Therefore, if he were to commit another felony with a firearm in the future, he would be subject to the 10-year minimum mandated by ORS 161.610(4)(b) because it would be for a conviction "committed after punishment pursuant to [ORS 161.610(4)(a)]." Accordingly, defendant's suggestion that he is prejudiced by the court's imposition of two firearm minimum sentences is incorrect.

In sum, defendant has not demonstrated that the court's erroneous imposition of two firearm minimum sentences has prejudiced him. Given that the gravity of the error is insignificant, we decline to exercise our discretion to correct it.

Affirmed.