Submitted October 27, 2020, affirmed December 1, 2021

STATE OF OREGON,
*Plaintiff-Respondent,*
*v.*
AMY KATHRYN WEDEBROOK,
*Defendant-Appellant.*

Clackamas County Circuit Court
17CR40091; A170421

501 P3d 1084

In this criminal appeal, defendant contests, among other things, the trial court's imposition of 12 months' jail time when it sentenced defendant to probation. Defendant requests plain error review of that aspect of the sentence, which exceeded the administrative rules limit of 90 days' jail time in the circumstances of this case. The state concedes that that portion of the sentence was legally erroneous. *Held*: The sentencing record allows the view that defendant made a tactical or strategic choice that encouraged the court to impose the erroneous sentence that the court announced at sentencing, as part of an effort by defendant to avoid a longer prison sentence requested by the state. Because of that choice, defendant may have avoided, to her benefit, a longer term of imprisonment, and the Court of Appeals therefore declined to exercise our discretion to correct the plainly erroneous sentence.

Affirmed.

Douglas V. Van Dyk, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Sarah De La Cruz, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Doug M. Petrina, Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Tookey, Judge, and Aoyagi, Judge.

ARMSTRONG, P. J.

Affirmed.

**ARMSTRONG, P. J.**

Defendant was convicted by unanimous jury verdict of promoting prostitution, ORS 167.012. On appeal, in three assignments of error, defendant contends that the trial court erred by: (1) admitting evidence under OEC 404(3) of uncharged misconduct by defendant; (2) imposing 12 months' jail time when it sentenced defendant to probation; and (3) instructing the jury that it could return a nonunanimous verdict. We reject the assignment regarding the nonunanimous verdict jury instruction for the reasons set forth in *State v. Flores Ramos*, 367 Or 292, 478 P3d 515 (2020) (holding that nonunanimous jury instruction was not a structural error), and *State v. Chorney-Phillips*, 367 Or 355, 478 P3d 504 (2020) (declining to review as plain error the nonunanimous jury instruction when the jury returned a unanimous verdict). We reject without written discussion the assignment directed to the admission of evidence of uncharged misconduct. For the reasons described below, we decline to exercise our discretion to correct the error in the sentence that the trial court imposed and, accordingly, affirm.

Defendant contends in her second assignment that the trial court erred when it imposed a 12-month jail term as part of the probation sentence that it imposed. The state concedes that the court plainly erred in imposing 12 months' jail time because that sanction was not authorized under applicable administrative rules, which generally would limit jail time to 90 days in this circumstance.

Even accepting the state's concession that the jail sentence was plainly erroneous, we still must decide whether to exercise our discretion to correct the error. *See State v. Taylor*, 295 Or App 32, 35-36, 433 P3d 486 (2018) (explaining in the context of criminal sentencing the application of the two-step analysis for plain error prescribed by *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382, 823 P2d 956 (1991)).

In addition to the general factors that we consider when deciding whether to review a plain error, *see Ailes*, 312 Or at 381-82, in the context of sentencing errors specifically we consider

> "whether the defendant encouraged the trial court's imposition of the erroneous sentence, the possibility that the defendant made a strategic choice not to object to the sentence, the role of other sentences in the case, and the interests of the justice system in avoiding unnecessary, repetitive sentencing proceedings."

*State v. Allen*, 285 Or App 667, 669, 398 P3d 497, *rev den*, 361 Or 886 (2017). Of particular importance in this case is whether defendant "encouraged the trial court's imposition of the erroneous sentence." *Id*. That is so because, generally, "invited error is not a basis for reversal." *State ex rel Juv. Dept. v. S. P.*, 346 Or 592, 606, 215 P3d 847 (2009).

Here, the state asked for a 20-month prison sentence because "the facts of this case were so egregious with respect to the vulnerability of [the victim]." The trial court instead was considering probation but, in light of the victim's vulnerability, was inclined to include some custody in the sentence. The court specifically asked defense counsel, "am I limited to 90 days of custody units under the rules? *** What's my limitation?" Thereafter, defense counsel offered that "as far as custody units my understanding *** is that anything under a year stays at county." While the court acknowledged that there was no relationship between where a person serves their sentence and the sentence that a court may lawfully impose, defense counsel added, "I think your discretion is your discretion." It is apparent from the context of the conversation between the court and defense counsel that the court originally believed the court might be limited to imposing no more than 90 days' jail time under the applicable administrative rules but, after discussion, was led to believe any jail term under a year was acceptable. Given the parties' respective positions as to what might be an appropriate sentence, it is possible to view defense counsel's statements suggesting that the court was not limited to a 90-day jail sanction to be part of a "tactical or strategic choice" that benefited defendant. *Taylor*, 295 Or App at 37. The plausible tactical choice defendant could have made was that, when the court was considering either a prison sentence or a probation plus jail sentence, if the court understood that it was limited to a 90-day jail term under the probation regime, it may well have opted

for the prison sentence. By either nudging the court toward imposing the erroneous jail sentence or leaving the error uncorrected when it was announced, defendant avoided, to her benefit, a potential prison sentence. *See id.* (discussing potential and plausible tactical choices for failure to object to unlawful sentences).

That defendant was instrumental in bringing about the error dissuades us from exercising our discretion to correct it. Despite the admittedly erroneous sentence, we will not exercise our discretion to correct it.

Affirmed.