562 April 22, 2026 No. 309

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ZACHARY MICHAEL CHRONISTER,
aka Zachary Chronister, aka Zachary M. Chronister,
*Defendant-Appellant.*

Multnomah County Circuit Court
22CR08158; A183720

Melvin Oden-Orr, Judge.

Submitted February 5, 2026.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and David O. Ferry, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Patricia G. Rincon, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

TOOKEY, P. J.

Affirmed.

**TOOKEY, P. J.**

Defendant appeals a judgment of conviction for attempted second-degree murder with a firearm, ORS 161.405, unlawful use of a weapon with a firearm, ORS 166.220, and felon in possession of a firearm with a firearm (FIP-firearm), ORS 166.270(1). In his first assignment of error, defendant contends that "[t]he trial court erred when it denied his motion for judgment of acquittal (MJOA) on Count 1, attempted second-degree murder." In his second assignment of error, defendant contends that "[t]he trial court erred when it imposed the 'gun minimum' [sentence] on Count 3 [FIP-firearm] instead of Count 1."

We conclude that the evidence was legally sufficient to permit a rational trier of fact to find the intent element of attempted second-degree murder beyond a reasonable doubt, and that the trial court was not required to impose the firearm-minimum sentence on defendant's first count of conviction under ORS 161.610(4)(a). We affirm.

MOTION FOR JUDGMENT OF ACQUITTAL

Defendant moved for judgment of acquittal at the close of the state's case, arguing, as he does on appeal, that the evidence was legally insufficient to prove the element of intent for attempted second-degree murder. The trial court denied the motion. We "review[] questions of the sufficiency of the evidence in a criminal case following a conviction by examining the evidence in the light most favorable to the state to determine whether a rational trier of fact, accepting reasonable inferences and reasonable credibility choices, could have found the essential element of the crime beyond a reasonable doubt." *State v. Cunningham*, 320 Or 47, 63, 880 P2d 431 (1994), *cert den*, 514 US 1005 (1995). The "facts may support multiple reasonable inferences and, if they do, which inference to draw is for the jury to decide. Whether particular circumstantial evidence is sufficient to support a particular inference, however, is a legal question for a court to decide." *State v. Bivins*, 191 Or App 460, 467, 83 P3d 379 (2004) (citations omitted). We set out the facts below consistently with that standard.

On the night in question, defendant was riding in the front passenger seat of a black Ford Mustang with two other people. They were planning to meet some buyers at a restaurant parking lot in Portland to sell methamphetamine, but they saw a patrol vehicle arrive and decided to leave. The patrol officer observed that the Mustang had no license plate and signaled the car to stop after seeing it make a lane change without using its blinker. Defendant and the others had previously decided that they would not stop if they were pulled over, and so instead of stopping, they decided to drive to Vancouver, Washington, where they thought they could get away from the police. The officer did not pursue the car, but a Portland Police air unit was flying that night, and it tracked the Mustang as it drove west across Portland.

Officer Burn was patrolling in a marked patrol car by himself when he heard a radio call about the air pursuit of the Mustang and its location. He positioned his vehicle on the left side of an on-ramp to I-84 and placed spike strips across the on-ramp to intercept the Mustang. He stood behind his patrol car. Milliseconds after he heard a car hit the spike strips, while the Mustang was "parallel or next to the patrol car," he heard three gunshots. The state introduced video captured from the airplane using a heat-sensitive camera. That video showed the Mustang going over the spike strip, and then, just as it passed Burn's patrol vehicle, the video also showed flashes that indicated shots being fired over the top of the Mustang from the front passenger side. The state also called Martinez, who was seated in the back seat of the Mustang, to testify about what had occurred from his perspective. He testified that defendant leaned out of the passenger window with his torso and arms, pointed his right arm over the car, towards the police officer, and fired three rounds from his .40 caliber firearm. He testified that, when someone said that they were not going to make it through the spike strips, defendant said, "I bet you we will now. I bet you they won't follow us." Martinez testified that he did not know that the police plane was following them, and no one mentioned it as they drove away. They were eventually apprehended in Vancouver. Later, three .40 caliber shell casings were recovered from the right side of the

on-ramp, consistent with being fired from the passenger side of a car traveling onto the highway.

To prove the charge of attempted second-degree murder, as charged here, the state had to prove that defendant intended to kill Burn when he fired his weapon. *See* ORS 163.115(1)(a) (criminal homicide constitutes murder in the second degree "[w]hen it is committed intentionally"); ORS 161.405(1) (attempt requires proof that a person "intentionally engages in conduct which constitutes a substantial step toward commission of the crime"); ORS 161.085(7) (defining "intentionally" as "act[ing] with a conscious objective to * * * engage in the conduct" described by a statute defining an offense).

Here, there is sufficient evidence to allow a rational trier of fact to conclude that defendant intended to kill Burn when he shot in his direction. Martinez testified that defendant first moved his torso and arms outside the car, and a rational trier of fact could infer from that testimony that defendant moved his body out of the car to get a clearer shot at Burn. Martinez explained that defendant pointed his right arm, holding the firearm, towards Burn, and that he fired multiple rounds, all while the passengers in the Mustang were attempting to avoid being apprehended. Martinez's and Burn's testimony about the relative proximity of the Mustang and the patrol car, the timing of the shooting, the number of shots, and defendant's physical position during the shooting was corroborated by the video taken from the plane and the recovery of three spent .40-caliber casings located on the same side of the on-ramp from which defendant fired his firearm. A rational trier of fact could reasonably infer that defendant intended to kill Burn based on evidence that defendant deliberately shot multiple rounds towards him, in close proximity, and in the context of his attempt to escape apprehension. The trial court did not err when it denied defendant's MJOA.

## FIREARM-MINIMUM SENTENCE

In his second assignment of error, defendant contends that the trial court erred when it imposed the mandatory firearm minimum sentence under ORS 161.610 on

defendant's conviction for FIP-firearm. Defendant does not dispute that the sentencing court had the authority to impose the 60-month firearm minimum based on the jury's convictions for the three charged offenses. The only issue is whether the sentencing court was required to impose that sentence on defendant's conviction for attempted second-degree murder—which carried a 90-month mandatory minimum sentence under ORS 137.700(2)(a)(D)[1]—or whether it had the authority to impose it on the FIP-firearm conviction—which carried a presumptive sentence of 15 to 18 months under the sentencing guidelines.[2] "We review a claim that the sentencing court failed to comply with the requirements of law in imposing a sentence for errors of law." *State v. Brewer*, 260 Or App 607, 618, 320 P3d 620, *rev den*, 355 Or 380 (2014) (internal quotation marks omitted).

       In Oregon, sentencing courts are directed to impose a minimum sentence for felonies committed using a firearm: "[I]f a defendant is convicted of a felony having as an element the defendant's use or threatened use of a firearm during the commission of a crime, the court shall impose at least the minimum term of imprisonment as provided in subsection (4) of this section." ORS 161.610(3). Subsection (4) of the statute provides, in turn, that the minimum sentence shall be:

> "(a)   Except as provided in subsection (5) of this section, *upon the first conviction for such felony*, five years ***.

> "(b)   Upon conviction for such felony committed *after punishment* pursuant to paragraph (a) of this subsection or subsection (5) of this section, 10 years ***.

> "(c)   Upon conviction for such felony committed after imprisonment pursuant to paragraph (b) of this subsection, 30 years."

(Emphases added.) As relevant here, subsection (5) of the statute grants the court discretion to impose a lesser sentence "[i]f it is the first time that the defendant is subject to

---

[1] That statute sets out a 90-month mandatory minimum sentence for "attempt or conspiracy to commit murder in any degree."

[2] That conviction fell under grid block 6C of the sentencing guidelines grid, corresponding to a presumptive sentence of 15 to 18 months. OAR 213-004-0001, App 1 (sentencing guidelines grid).

punishment" under the statute. ORS 161.610(5). Thus, upon the first conviction for a qualifying offense, the court may sentence a defendant to the five-year minimum, or it may opt to impose a lesser sentence. If a defendant is convicted of a second offense after having been once punished for a qualifying offense, there is an increased mandatory term of imprisonment, which is further increased for a third qualifying offense. However, multiple firearm minimum sentences may not be imposed under ORS 161.610 when a single trial results in convictions for more than one firearm felony. *State v. Hardesty*, 298 Or 616, 619, 695 P2d 569 (1985).

At issue is whether ORS 161.610 requires a trial court to apply the firearm minimum sentence to only one specific count of conviction when, as here, a trial results in multiple convictions for qualifying offenses. Defendant argues that his "first conviction" for a firearm offense within the meaning of the statute was the jury's verdict on Count 1, attempted murder; therefore, he argues, ORS 161.610(4)(a) required the trial court to apply the firearm-minimum sentence to Count 1, and that it was barred from applying it to increase the sentence for Count 3, the FIP-firearm conviction. That raises a question of statutory interpretation; accordingly, we look to the statute's text, context, and any helpful legislative history to determine the legislature's intent. *State v. Gaines*, 346 Or 160, 171-72, 206 P3d 1042 (2009). As we explain below, we conclude that ORS 161.610 does not require the trial court to impose a firearm-minimum sentence on the first count of conviction when a defendant is convicted of multiple charges in a single proceeding.

We begin, and end, with an analysis of the text of the statute in context. Defendant was sentenced under ORS 161.610(4)(a), which provides for a five-year firearm-minimum sentence upon a defendant's "first conviction for such felony," that is, a felony involving the use or attempted use of a firearm that is pleaded in the indictment and proved at trial. ORS 161.610(2). It is settled that, if a defendant is to be sentenced for multiple qualifying felonies—because a defendant was tried for committing multiple qualifying felonies during the course of one criminal episode—that

language authorizes the sentencing court to impose only one firearm enhancement. *Hardesty*, 298 Or at 618-19. But, that language is ambiguous as to whether "first conviction" refers to the *first charged offense* that results in a guilty verdict, or to the *first time a defendant* is convicted for a qualifying offense, that is, the first time defendant becomes subject to criminal punishment for using or attempting to use a firearm in the course of committing a felony, after a verdict is rendered in a criminal case.

The language of ORS 161.610(4)(a), when read as a whole, indicates that "first conviction" in ORS 161.610(4)(a) refers to the first time a defendant is subject to punishment for any qualifying offense. Subsection (4)(a) directly refers to subsection (5) of the statute: the five-year minimum sentence applies "upon the first conviction for such felony," "[e]xcept as provided in subsection (5) of this section[.]" Subsection (5), in turn grants the sentencing court the discretion to impose a lesser sentence "the first time that the defendant is subject to punishment under this section." ORS 161.610(5). That cross-reference indicates that the intent of the legislature was to equate "first conviction" with "the first time that the defendant is subject to punishment." *See State v. Cortes*, 374 Or 461, 479, 580 P3d 839 (2025) ("A statute's context also includes other provisions of the same statute.").

The other provisions of the statute, which provide for increased penalties, are similarly conditioned on whether a defendant was previously subject to punishment under the statute. Subsection (4)(b) requires a sentencing court to impose a 20-year firearm-minimum for a qualifying offense if a defendant has previously been "punish[ed]" under subsection (4)(a). Similarly, subsection (4)(c) requires the court to impose a 30-year firearm minimum sentence for a qualifying offense if a defendant has previously been "imprison[ed]" under subsection (4)(b). That structure indicates that the statute is not addressed to any particular felony or felonies that qualify for an enhanced sentence. *See State v. Allen*, 285 Or App 667, 674, 398 P3d 497, *rev den*, 361 Or 886 (2017) (the increased firearm-minimum sentences "available under ORS 161.610(4) (b) and (c) hinge on a conviction committed *after punishment* or imprisonment under the firearm-minimum statute, not

on the number of prior convictions that resulted in a firearm minimum sentence under ORS 161.610." (Emphasis in original.)).

Finally, the sentencing provisions contained in the statute are, naturally, directed at the sentencing judge: ORS 161.610(3) requires "the court" to impose at least the minimum sentences provided in subsection (4) and prohibits "the court" from suspending the sentence;[3] ORS 161.610(5) and (6) similarly grant "the court" discretion to impose a lesser sentence or to decline to impose the firearm-minimum sentence under some conditions.[4] Defendant's reading of the statute, which would require the court to impose the firearm-minimum sentence on the first count of conviction, applies the statute's sentencing provisions based on how the indictment is structured. As a result, it would effectively empower the prosecutor to determine the conviction to which the firearm-minimum sentence applies on the basis of the prosecutor's decisions as to the order of the charges listed in an indictment. But the statute does not direct the prosecutor regarding how to charge the aggravated offenses, it merely permits the prosecutor to plead and prove the underlying facts that would bring the offense within the statute. ORS 161.610(2) ("The use or threatened use of a firearm *** by a defendant during the commission of a felony may be pleaded in the accusatory instrument and

---

[3] ORS 161.610(3) provides that "if a defendant is convicted of a [qualifying offense], *the court shall impose* at least the minimum term of imprisonment as provided in subsection (4) of this section[,]" and "in no case shall *** execution of the sentence imposed upon such person be suspended by *the court*." (Emphases added.)

[4] ORS 161.610(5) and (6) provide:

"(5) If it is the first time that the defendant is subject to punishment under this section, rather than impose the sentence otherwise required by subsection (4)(a) of this section, *the court* may:

"(a) For felonies committed prior to November 1, 1989, suspend the execution of the sentence or impose a lesser term of imprisonment ***; or

"(b) For felonies committed on or after November 1, 1989, impose a lesser sentence in accordance with the rules of the Oregon Criminal Justice Commission.

"(6) When a defendant who is convicted of a felony having as an element the defendant's use or threatened use of a firearm during the commission of the crime is a [youth] who was waived [into adult court], *the court* is not required to impose a minimum term of imprisonment under this section."

(Emphases added.)

proved at trial as an element in aggravation of the crime as provided in this section.").

Defendant additionally argues that the firearm-minimum sentence should be imposed on the attempted second-degree murder conviction because it is the most serious offense and the sentencing guidelines instruct the trial court to determine the presumptive term of incarceration for the offense with the highest crime-seriousness rating before imposing any consecutive sentence. *See* OAR 213-012-0020 (setting out general rules for when multiple sentences are imposed consecutively in a single case); OAR 213-003-0001(17) (defining "primary offense" as "the offense of conviction with the highest crime seriousness ranking"). However, although the guidelines recognize the statutory minimum contained in 161.610(4)(a), they do not direct the court to apply the firearm-minimum to the charge with the highest crime-seriousness rating. *See* OAR 213-009-0001(1), (3) ("If a mandatory prison sentence is required or authorized by statute, the sentence imposed shall be that determinate sentence" unless the guidelines provide for a longer sentence, but a court may impose a lesser sentence under the guidelines "the first time an offender is subject to the provisions of ORS 161.610(4)(a).").

For those reasons, we conclude that ORS 161.610 does not require the trial court to impose the firearm-minimum sentence on defendant's first count of conviction. The court therefore did not legally err when it imposed the firearm-minimum sentence on defendant's conviction for FIP-firearm.

Affirmed.